UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| In re: | Chapter 11 |
|---|---|
| OPUS WEST CORPORATION, *et al.*,[1] | Case No. 09-_____ ( ) |
| Debtors. | Joint Administration Pending |

ORDER (1) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS
IN ADVANCE OF AUCTION, (2) APPROVING FORM AND MANNER OF NOTICE OF
AUCTION AND FINAL HEARING, AND (3) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**") filed by Opus West Corporation, a debtor and debtor-in-possession in the above-referenced case (the "**Debtor**") requesting entry of an order pursuant to Sections 105, 363(b), (f), and (m), and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006 for, *inter alia*, entry of an order (the "**Procedures Order**"): (1) approving proposed Bidding Procedures and Bid Protections (each as defined below) related to the disposition of certain of the Debtor's Purchased Assets (the "**Purchased Assets**"), as more

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Opus West Corporation (1533); Opus West Construction Corporation (5917); Opus West LP (5535); Opus West Partners, Inc. (5537); and O.W. Commercial, Inc. (9134).

ORDER (1) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS IN ADVANCE
OF AUCTION, (2) APPROVING FORM AND MANNER OF NOTICE AUCTION AND FINAL
HEARING, AND (3) GRANTING RELATED RELIEF – PAGE 1
DAL77,582,563v3

**EXHIBIT "B"**

particularly identified in the *Asset Purchase Agreement*, dated July 1, 2009 (the "**APA**")[2]; (2) approving the form, extent, and manner of notice of the Auction and Final Hearing (each as defined below); and (3) granting related relief; the Court, having reviewed the Motion and the objections thereto and having heard the statements of counsel and considered the evidence presented at a hearing before the Court on the Motion,

**THE COURT FINDS AND CONCLUDES AS FOLLOWS:**

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The Debtor filed the Motion on July 6, 2009, proposing to sell the Purchased Assets to the Purchaser, and approval of the Bidding Procedures related to the proposed Transaction.

C. The statutory and legal predicates for the relief sought in the Motion are, *inter alia*, Sections 105, 363, 365, and 1146 of Title 11 of the United States Code (the "**Bankruptcy Code**"), and Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") 2002, 6004, 6006, and 9014.

D. The Debtor has articulated good and sufficient reasons for approving the Bidding Procedures and the Bid Protections and the form and manner of notice of the Auction and the Final Hearing thereon (the "**Final Hearing**").

E. The Purchaser has expended substantial time and expense in this matter, resulting in the executed APA, and this has provided significant value to the Debtor.

---

[2] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Motion and the APA.

F.  The Bidding Procedures and the Bid Protections are reasonable and appropriate, and represent the best method for maximizing the return for the Purchased Assets.

G.  The relief granted herein is in the best interests of the Debtor, its estate, creditors, and other parties-in-interest.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, subject to reconsideration of the Break-Up Fee under Section 328 of the Bankruptcy Code. The Final Hearing on the Motion is set for **August 27, 2009, at   :     .m. (Prevailing Texas Time)**, before the United States Bankruptcy Court for the Northern District of Texas at which time the Court shall consider the Motion, confirm the results of the Auction, if any, and approve the Transaction.

2. Objections to the Motion must be filed and served such that they are received by the Notice Parties no later than **12:00 p.m. (Prevailing Texas Time) on August 21, 2009** (the "**Objection Deadline**").

3. The failure of any objecting person or entity to file and serve its objection to the Motion, the Transaction, or the Debtor's consummation and performance of the APA on or before the Objection Deadline shall be a bar to the assertion, at the Final Hearing or thereafter, of any objection to the Motion, the Auction, the Transaction, or the Debtor's consummation and performance of the APA if authorized by the Court.

4. The Debtor is authorized and empowered to take such steps, expend such sums of money, and do such other things as may be necessary to implement and effect the terms and requirements of this Procedures Order.

5. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Procedures Order.

6. Notice of the Procedures Order, Auction, and Final Hearing shall be good and sufficient, and no other or further notice shall be required, if given as soon as practicable after the Court's entry of this Procedures Order, the Debtor (or its agents) shall serve a copy of this Procedures Order by first-class United States mail, postage pre-paid, upon (a) the Office of the United States Trustee, (b) counsel for the Purchaser, (c) any persons who have entered an appearance in the case or otherwise requested notice, (d) all entities known to have expressed an interest in a transaction with respect to the Purchased Assets during the past twelve months (12) months, (e) all entities known to have a present interest in the Purchased Assets; (f) all federal, state, and local regulatory or taxing authorities or recording offices which have a known interest in the relief requested by the Motion; (g) all secured creditors of the Debtor; (h) all known unsecured creditors of the Debtor; (i) the Texas Attorney General's office; (j) counsel for any committee(s) formed pursuant to Section 1102 of the Bankruptcy Code (if any hereafter is formed); (k) all persons or entities entitled to receive notice pursuant to the Bankruptcy Rules, the Local Rules of the Court, or other applicable law; and (l) all other entities identified on the Debtor's Official Service List.

7. Any final agreement purporting to memorialize an agreement for the disposition of substantially all of the Debtor's Purchased Assets by and between the Debtor and either the Purchaser or the Successful Bidder, as the case may be, shall be substantially in the form of the APA and shall be substantially consistent with the terms and conditions thereof.

8. The Debtor is authorized to reject any bid or offer that, in the Debtor's sole discretion, is not in conformity with the terms and conditions of the APA.

9. The Court hereby approves the following bidding procedures (the "**Bidding Procedures**"), which procedures shall govern all proceedings relating to the APA and any subsequent bids for the Purchased Assets in this case:

    a. **Potential Bidder**. Parties interested in participating in the bidding process (each person other than the Purchaser, a "**Potential Bidder**") will be required to deliver to the Debtor (to the extent not already delivered) the following:

        i. An executed confidentiality agreement in form and substance acceptable to the Debtor; and

        ii. The most current financial information evidencing the Potential Bidder's ability to close the transaction that meets with the Debtor's satisfaction (the "**Financial Information**"), in consultation with any committee of unsecured creditors appointed in this case (a "**Committee**").

    As promptly as practicable after a Potential Bidder delivers the above information, the Potential Bidder shall be eligible to commence due diligence with respect to the Property as defined in the APA. The Debtor, in consultation with any Committee, reserves the right to refuse any Potential Bidder access to the due diligence materials if such access is deemed to be harmful to the Debtor's estate.

    b. **Deadline for Submission of Bids**. The deadline for submitting any and all competing bids shall be on or before **August 21, 2009, at 5:00 p.m. (Prevailing Texas Time)** (the "Bid Deadline").

    c. **Submission of Bids**. In order to qualify as a potential Qualified Bidder (as defined below) of the Purchased Assets, a Potential Bidder must timely submit a written bid (a "**Qualified Bid**") for the Purchased Assets that:

        i. Contains an executed asset purchase agreement in substantially the same form with all modifications, which shall be no less favorable than those proposed by the Purchaser in the APA (a "**Modified APA**").

        ii. The Modified APA shall be accompanied by a blacklined copy of the Modified APA showing all changes made to the APA.

        iii. The Modified APA shall not contain:

            1. A request for any type of break-up fee, expense reimbursement, or similar type of payment; or

  2. Any due diligence, financing contingencies, or other contingency of any kind.

iv. Evidence of authorization and approval from such Potential Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery, and closing of the APA or the Modified APA, as the case may be.

v. Information regarding such Potential Bidder's financial capability to consummate the transactions contemplated by the APA or Modified APA, as the case may be, containing such financial and other information that will allow the Debtor, in consultation with any Committee, to make a reasonable determination as to the Qualified Bidder's financial and other capabilities to consummate the transactions contemplated by the APA or the Modified APA, as the case may be, including, without limitation:

  1. The most current Financial Information of such Potential Bidder; or

  2. If the Potential Bidder is an entity formed for the purpose of acquiring the Property then:

    A. The Financial Information of the equity holder(s) of the Potential Bidder or such other form of financial disclosure acceptable to the Debtor; and

    B. The written commitment of such equity holder(s) to be responsible for the Potential Bidder's obligations in connection with the acquisition of the Assets.

vi. Discloses fully the identity of each entity that will be bidding for the Property or otherwise participating in connection with such Qualified Bid, and the complete terms of any such participation.

vii. Discloses fully the terms of the proposed employment of any of Debtor's employees, management, or officers in connection with such bid.

viii. Is in an amount that exceeds the amount initially bid by the Purchaser in the APA (the "**Stalking Horse Bid**") by not less than $1,700,000 Purchase Price; plus a three percent (3%) breakup fee ($51,000) and an over bid amount of $50,000 for a total over bid of not less than $1,801,000.

ix. Is accompanied by a cash deposit in an amount equal to $180,000 (the "**Deposit**").

x.  Is delivered to the following parties (except items under subsections (v) and (viii) above are only to be delivered to the Debtor and Debtor's counsel) such that they are received by the close of business on the Bid Deadline: (1) the Debtor's Chief Restructuring Officer, Attn: John Greer, 2555 East Camelback Road, Suite 800, Phoenix, AZ 85016; (2) the Debtor's counsel, Greenberg Traurig, LLP, Attn: Clifton R. Jessup, Jr., 2200 Ross Avenue, Suite 5200, Dallas, Texas, 75201; (3) counsel for any Committee; and (4) the Purchaser, Arbeit Investments Limited Partnership, 10350 Buen Road, West Minnetonka, MN 55343, Attn: Suzanne Flannigan (the "**Notice Parties**").

d.  **Qualification of Bid**. After a Potential Bidder has delivered a bid, the Debtor, in consultation with any Committee, will determine whether such Potential Bidder is a "**Qualified Bidder**" and such bid is a "**Qualified Bid**." Promptly after making such determination, the Debtor will advise such bidder of this determination. The Debtor, in consultation with any Committee, reserves the right to reject any bid if such bid is on terms that are materially more burdensome or conditional than the terms of the APA.

e.  **Auction**. In the event that one or more competitive Qualified Bids other than that of the Purchaser are received, the Debtor will conduct an auction to determine the highest or best bid for the Assets beginning at **10:00 a.m. (Prevailing Texas Time) on August 26, 2009, at the law offices of Greenberg Traurig, LLP, 2200 Ross Avenue, Suite 5200, Dallas, Texas, 75201** (the "Auction"). The Auction may be adjourned by announcement of the adjournment at the Auction to those parties who appear at the Auction. Each Qualified Bid other than the opening bid is referred to as a "**Subsequent Bid**." If Debtor does not receive any Qualified Bids other than the Stalking Horse Bid in the APA received from Purchaser, the Debtor will report the same to the Court and will promptly proceed with the Transaction pursuant to the terms of the APA, upon entry of an order approving the Transaction.

At the conclusion of the Auction, or as soon thereafter as practicable, the Debtor, in consultation with its financial advisors and any Committee, shall: (i) review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the process, including those factors affecting the speed and certainty of consummating the Transaction; (ii) identify the highest or otherwise best offer(s) for the Assets received at the Auction (the "**Highest Bid**", and the bidder(s) making such bid, the "**Highest Bidder**"); and (iii) designate the Back-Up Bidder.

f.  **Auction Procedures**. In the event an Auction is necessary, such Auction will be conducted as follows:

i. Only the Debtor, the Purchaser, any representative of the Committee, and any Qualified Bidder who has timely submitted a Qualified Bid (and the legal and financial advisers to each of the foregoing) may attend the Auction, and only the Purchaser and the other Qualified Bidders may make any subsequent Qualified Bids at the Auction.

ii. At least one (1) business days prior to the Auction, each Qualified Bidder who has submitted timely a Qualified Bid must inform the Debtor whether it or its representative intends to participate in the Auction. Failure to comply with this provision may preclude an otherwise Qualified Bidder from attending and/or participating in the Auction.

iii. All Qualified Bidders who have submitted a Qualified Bid or its representative shall be entitled to be present for all Subsequent Bids with the understanding that the true identity of each bidder shall be fully disclosed to all other bidders and that all material terms of each Subsequent Bids (including any Subsequent Bid by Purchaser) will, upon request, be fully disclosed to all other bidders throughout the entire Auction.

iv. All Qualified Bidders or their representatives (including the Purchaser) shall agree to remain ready, willing, and able to close the Transaction under the terms of its last Qualified Bid (including the Stalking Horse Bid by Purchaser, if Purchaser is the designated Back-Up Bidder) submitted at or before such Auction as the sole back-up bidder (the "**Back-Up Bidder**" and such last bid, the "**Back-Up Bid**") until the earlier of (1) the close of the Transaction, or (2) September 2, 2009, and shall close if the Highest Bidder fails to close, if, as, and when determined by the Debtor to be the new Highest Bidder.

v. The Debtor, in consultation with any Committee, may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances (*e.g.*, the amount of time allotted to make Subsequent Bids) for conducting the Auction, provided that such rules are not inconsistent with these Bidding Procedures, the Bankruptcy Code, or any order entered in connection herewith.

vi. Bidding at the Auction shall begin with the highest or otherwise best Qualified Bid. The bidding shall be in minimum increments of at least $50,000 higher than the previous bid or bids (after giving effect to the minimum required to exceed the Stalking Horse Bid for each bid to be determined to be a Qualified Bid).

The Auction shall also continue in one or more rounds of bidding and shall conclude after each participating bidder has had the opportunity to submit one or more additional Subsequent Bids with full knowledge of the then-existing highest bid or bids. For the purpose of evaluating the value of the consideration provided by Subsequent Bids (including any Subsequent Bid by Purchaser), the Debtor must give effect to any Break-Up Fee that may be payable to the Purchaser under the APA such that the Purchaser's bid in an amount that is as much as $51,000 less than a competing bid in fact matches any such Qualified Bid.

vii. Purchaser shall be entitled to cancel any outstanding amounts owed by Debtor due pursuant to the priority security financing extended to the Debtor by the Purchaser and use such cancellations as a credit or offset (the "**Credit Amount**") against the purchase price for the assets, including principal, interest, fees, and expenses, and also including using the Credit Amount as a portion of any "bid" submitted for the Property.

viii. The credit bid rights of any secured party, including the Purchaser, shall be preserved in accordance with Section 363(k) of the Bankruptcy Code (provided that cash payment of the Bid Protections shall still apply).

g. **Bid Protections**. In the event that the Debtor consummate any Alternative Transaction, including a sale of all or a substantial portion of the Purchased Assets by a competing bid from a party other than the Purchaser, or the confirmation of any Chapter 11 Plan, within 180 days of the execution of the APA, the Purchaser shall be entitled to a fee of three percent (3%) of the Purchase Price ($51,000) (the "**Break-Up Fee**"), to be paid from the proceeds of the closing of such transaction. The Break-Up Fee shall be payable to the Purchaser as a super-priority administrative expense claim under Section 507(b) of the Bankruptcy Code. In no event shall the Purchaser be entitled to the Break-Up Fee if the APA is terminated under Section 4.4(b) thereof.

h. **Final Hearing**. The Court has scheduled a hearing to approve the Transaction (the "**Final Hearing**") on <u>**August 27, 2009, at   :   .m. (Prevailing Texas Time)**</u>. All objections to the Transaction shall be filed with the Bankruptcy Court and served on the Notice Parties at least three (3) days prior to the Final Hearing. The Highest Bidder and the Back-Up Bidder must produce a competent witness at the Final Hearing (and any subsequent hearing) to provide testimony, if necessary, to establish adequate assurance of future performance by each such bidder under the unexpired leases and executory contracts to be assigned to such bidder, to the extent required by Sections 365(b) of the Bankruptcy Code. At the

Final Hearing, the Debtor will request that the Court approve the Transaction with regard to the Back-Up Bidder in the event the contemplated Transaction with the Highest Bidder does not timely close; in which case such Back-Up Bidder shall become the Highest Bidder without further order of the Court. The Highest Bidder (if other than the Purchaser) shall be substituted for the Purchaser under the APA (as amended to reflect terms of the Highest Bidder's bid) and the proposed Order.

i. **Closing.** Closing shall take place on August 31, 2009, and shall be only upon such order becoming a final order, except upon the waiver of this prerequisite (of a final order) by the Highest Bidder.

j. **Return of Deposits**. The Deposits of all Qualified Bidders (except for the Highest Bidder) shall be held in non-interest-bearing escrow account. Notwithstanding the foregoing, the Deposit, if any, submitted by the Highest Bidder, shall be applied against the payment of the Purchase Price upon closing of the Transaction with the Highest Bidder. Except as otherwise provided in the APA and herein, all Deposits shall be returned to each Qualified Bidder not selected by the Debtor as either the Highest Bidder or the Back-Up Bidder within five (5) business days of the adjournment of the Auction. The Deposit of the Back-Up Bidder, to the extent not designated as the Highest Bidder, shall be returned to the Back-Up Bidder within five (5) business days of the date of closing the Transaction.

10. The Break-Up Fee is approved as actual and necessary costs and expenses of preserving the Debtor's bankruptcy estate within the meaning of, and are entitled to the priority provided under, Sections 503(b)(1)(A) and 507(a)(1) of the Bankruptcy Code and constitute binding obligations on the Debtor's estate. Such amounts shall be paid at the time and under the circumstances set forth in the APA.

11. The Debtor shall allow the Purchaser to submit an equivalent bid to any Qualified Competing Bid that Debtor receives. The Purchaser is deemed to be a Qualified Bidder for all purposes hereunder.

12. The Debtor (a) shall determine, in its business judgment, which Qualified Bid is the Highest Bid, after considering, among other things, the total consideration to be received by

the Debtor's estate after taking into account the payment of the Break-Up Fee and the amount of liabilities to be assumed by each bidder, (b) at the conclusion of the Auction, shall announce its determination as to the Highest Bidder submitting the Successful Bid, and (c) may reject, at any time before entry of a final order granting the relief sought in the Motion, any bid that, in the Debtor's sole discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the APA, or (iii) contrary to the best interest of the Debtor, its estate, and/or its creditors.

13. The credit bid rights of any secured party are preserved in accordance with Section 363(k) of the Bankruptcy Code (provided that cash payment of the Bid Protections shall still apply).

14. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

15. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

### End of Order ###