UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| OPUS WEST CORPORATION, *et al.*,[1] | Case No. 09-_____ ( ) |
| Debtors. | Joint Administration Pending |

ORDER UNDER, *INTER ALIA*, SECTIONS 105(a), 363, 365, AND 1146(c)
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004, 6006,
AND 9014 (A) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTOR'S
ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES,
AND INTERESTS, AND (B) GRANTING RELATED RELIEF

This matter came before the Court on [_____], 2009 (the "**Hearing**"), upon the motion, dated [_____], 2009 (the "**Motion**"), filed by Opus West Corporation, a debtor and debtor-in-possession (the "**Debtor**"), seeking, *inter alia*, entry of an order (the "**Order**"): (a) authorizing the sale of certain of the Debtor's assets free and clear of all

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Opus West Corporation (1533); Opus West Construction Corporation (5917); Opus West LP (5535); Opus West Partners, Inc. (5537); and O.W. Commercial, Inc. (9134).

ORDER UNDER, *INTER ALIA*, SECTIONS 105(a), 363, 365, AND 1146(c) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004, 6006, AND 9014 (A) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (B) GRANTING RELATED RELIEF - Page 1
DAL 77,580,054v3

EXHIBIT "C"

liens, claims, encumbrances, and interests (the "**Purchased Assets**") as more particularly identified in the *Asset Purchase Agreement*, dated July 1, 2009 (the "**APA**")[2] filed with the Court on July 6, 2009, by and between the Debtor and Arbeit Investment Limited Partnership or its designee, as buyer (the "**Purchaser**") (collectively, the "**Transaction**"), (b) determining that the Transaction is exempt from any stamp, transfer, recording, or similar tax, and (c) granting related relief. At the Hearing, counsel for the Debtor and other counsel and parties-in-interest entered their appearances on the record.

After carefully reviewing the Motion and such other matters in the file as the Court deemed appropriate, after receiving and weighing the testimony and other evidence offered at the Hearing, after hearing the statements and representations of counsel and all persons who desired to be heard at the Hearing, and after considering such other and further matters as the Court deemed appropriate, the Court hereby

**FINDS AND CONCLUDES** as follows:

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory and legal predicates for the relief sought in the Motion are, *inter alia*, Sections 105, 363, 365, and 1146 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") 2002, 6004, 6006, and 9014.

---

[2] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Motion and the APA.

ORDER UNDER, *INTER ALIA*, SECTIONS 105(a), 363, 365, AND 1146(c) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004, 6006, AND 9014 (A) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (B) GRANTING RELATED RELIEF - Page 2
DAL 77,580,054v3

C. As evidenced by the certificates of service and publication previously filed with the Court, and based on the representations of counsel at the Hearing, (i) proper, timely, adequate, and sufficient notice of the Motion, the Auction, the Transaction, and the Hearing has been provided to all parties-in-interest in accordance with, *inter alia*, Sections 102(1), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014 and in compliance with the Court's order entered on _____, 2009, as Docket No. [ __ ] in the above-captioned bankruptcy case (the "**Procedures Order**"), (ii) such notice was good, sufficient, and appropriate under the particular circumstances, and (iii) no other or further notice of the Motion, the Auction, the Transaction, or the Hearing shall be required.

D. The Debtor has articulated good and sufficient reasons for: (i) approving the sale of the Purchased Assets free and clear of all liens, claims, encumbrances, and interests to the Purchaser, and (ii) determining that the Transaction is exempt from any stamp, transfer, recording, or similar tax.

E. The Debtor has marketed the Purchased Assets in compliance with the Procedures Order.

F. Approval of the APA and consummation of the Transaction at this time are in the best interests of the Debtor, its creditors, its estates, and all other parties-in-interest.

G. The Debtor has demonstrated both (i) a good, sufficient, and sound business purpose and justification, and (ii) compelling circumstances to proceed with the Transaction prior to, and outside a plan of reorganization pursuant to Section 363(b) of the Bankruptcy Code, in that, among other things:

   (x) Given the Debtor's current financial and business condition, no prospective buyer appears willing to proceed to acquire the Debtor's business unless the

Transaction can be consummated quickly. The timing of the Transaction is of importance to all such prospective buyers.

(y) The Debtor diligently and in good faith has marketed the Purchased Assets to all parties known to have a past or present interest in acquiring the Purchased Assets to secure the highest and best offer therefore by, among other things, (1) giving a notice of the Transaction and the sale process to each of the persons or entities that previously had expressed an interest in the Debtor's Purchased Assets, (2) providing relevant due diligence information to potential purchasers, and (3) providing potential purchasers with access to management.

(z) The disposition of the Purchased Assets at this time pursuant to Section 363(b) of the Bankruptcy Code, is the only viable alternative to preserve the enterprise value of the Purchased Assets and maximize the realizable cash value of the Purchased Assets for the benefit of the Debtor's estate and all interested constituencies. Delaying the disposition of the Purchased Assets will result in a diminution in the value of the Purchased Assets. Further, any delay of the disposition of the Purchased Assets may result in an alternative outcome that will achieve far less value for creditors.

H. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including: (i) the United States Trustee; (ii) counsel for the Purchaser; (iii) any persons who have entered an appearance in the case or otherwise requested notice; (iv) all persons known to have expressed an interest in a transaction with respect to the Purchased Assets; (vi) all federal, state, and local regulatory or taxing authorities or recording offices which have a known interest in the relief requested by the Motion; (vii) all secured creditors of the Debtor; (viii) all known unsecured

creditors of the Debtor; (ix) all known equity security holders of the Debtor; (x) the United States Attorney; (xi) the Internal Revenue Service; (xii) counsel for any committee(s) formed pursuant to Section 1102 of the Bankruptcy Code; (xiii) all parties required to receive notice pursuant to the Bankruptcy Rules and this Court's local rules; and (xiv) all other entities identified on the Debtor's Official Service List.

I. The APA was negotiated, proposed, and entered into by the Debtor and Purchaser without collusion, in good faith, and from arm's-length bargaining positions. Neither the Debtor nor the Purchaser has engaged in any conduct that would cause or permit the APA to be avoided under Section 363(n) of the Bankruptcy Code.

J. The Purchaser is a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded under said section of the Bankruptcy Code. The Purchaser will be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in consummating the transactions contemplated by the APA and this Order.

K. The consideration provided by the Purchaser for the Purchased Assets pursuant to the APA (i) is fair and reasonable, (ii) is the highest and best offer for the Purchased Assets, (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practicable alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the State of Texas.

L. The Transaction must be approved and consummated promptly in order to preserve the value of the Purchased Assets.

M. The sale of the Purchased Assets to the Purchaser will be a legal, valid, and effective transfer of the Purchased Assets, and will vest the Purchaser with all right, title, and

interest of the Debtor to the Purchased Assets free and clear of all mortgages, security interests, conditional sale, or other title retention agreements, pledges, liens (as defined in 11 U.S.C. § 101(37)), claims (as defined in 11 U.S.C. § 101(5)), judgments, demands, easements, charges, encumbrances, defects, options, rights of first refusal, interests, or restrictions of any kind (collectively, "**Interests**") (except those expressly assumed, pursuant to and as described in the APA), including, without limitation, Interests (i) that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Debtor's or the Purchaser's interest in the Purchased Assets, or any similar rights, and (ii) relating to taxes arising under, out of, or in connection with the transfer of the Purchased Assets or in any way relating to the operation of the Debtor's business prior to the date (the "**Closing Date**") of the consummation of the APA (the "**Closing**").

N.  The Purchaser would not have entered into the APA and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtor, its estate, and its creditors, if the sale of the Purchased Assets to the Purchaser was not free and clear of all Interests of any kind or nature whatsoever, or if the Purchaser would, or in the future could, be liable for any of the Interests.

O.  The Debtor may sell the Purchased Assets free and clear of all Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Interests to the Transaction or to the Motion, are deemed to have consented pursuant to Section 363(f)(2) of the Bankruptcy Code. Those holders of Interests attach to the cash proceeds of the Transaction ultimately attributable to the property against or in which they claim an Interest, which proceeds exceed the value of all such interests in the aggregate (see 11 U.S.C. § 363(f)(3)).

ORDER UNDER, *INTER ALIA*, SECTIONS 105(a), 363, 365, AND 1146(c) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004, 6006, AND 9014 (A) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (B) GRANTING RELATED RELIEF - Page 6
DAL 77,580,054v3

P. The transfer of the Purchased Assets to the Purchaser will not subject the Purchaser to any liability whatsoever with respect to the operation of the Debtor's business prior to the Closing Date or by reason of such transfer based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of equitable law, including, without limitation, any theory of antitrust or successor or transferee liability. The transfer of the Purchased Assets to the Purchaser complies with all applicable laws and regulations.

Q. The transfer of the Purchased Assets to the Purchaser is a prerequisite to the Debtor's ability to confirm and consummate a plan of reorganization or a plan of liquidation. The Transaction is a transfer in contemplation of a plan and, accordingly, is a transfer pursuant to Section 1146(c) of the Bankruptcy Code, which shall not be taxed under any law imposing a stamp tax, transfer, or similar tax.

R. The Purchaser has adequately demonstrated its financial ability to consummate the Transaction.

S. The relief granted herein is in the best interests of the Debtor, its estates, its creditors, and other parties-in-interest.

WHEREFORE, it is hereby **ORDERED** that:

## GENERAL PROVISIONS

1. The Motion is granted, as further described herein.

2. All objections to the Motion or to the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights identified in such objections, are overruled on the merits (including objections raising issues exclusively about adequate assurance

of future performance related to the Purchaser's financial ability) consideration of which is deferred and shall be resolved as provided below.

## APPROVAL OF THE APA

3. The APA between the Debtor and the Purchaser, and all of the terms and conditions thereof, are approved.

4. Pursuant to Section 363(b) of the Bankruptcy Code, the Debtor is authorized and directed to consummate the Transaction pursuant to and in accordance with the terms and conditions of the APA.

5. The Debtor is authorized and directed to execute and deliver, and are empowered to perform under, consummate, and implement, the APA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA, including any leases contemplated thereunder, and to take all further actions as may be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying, leasing, and conferring to the Purchaser or reducing to possession, the Purchased Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the APA.

## TRANSFER OF PURCHASED ASSETS

6. Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, the Purchased Assets shall be transferred to the Purchaser and, as of the Closing Date, shall be free and clear of all Interests of any kind or nature whatsoever, with all such Interests of any kind or nature whatsoever attaching to the net proceeds of the Transaction, except as otherwise expressly provided for in the APA, in the order of their priority, with the same validity, force, and effect

which they now have as against the Purchased Assets, subject to any claims and defenses the Debtor may possess with respect thereto.

7. Except as expressly permitted or otherwise specifically provided by the APA or this Order, all persons and entities (including, but not limited to, all equity security holders, governmental, tax and regulatory authorities, lenders, trade, and other creditors) holding claims or Interests of any kind or nature whatsoever in or against the Debtor or the Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under, out of, in connection with, or in any way relating to the Debtor or the Purchased Assets, the operation of the Debtor's business prior to the Closing Date, or the transfer of the Purchased Assets to the Purchaser, shall be and hereby are forever barred and estopped from asserting against the Purchaser, its successors or assigns, its property, or the Purchased Assets, such persons' or entities' claims or Interests.

8. The transfer of the Purchased Assets to the Purchaser pursuant to the APA constitutes a legal, valid, and effective transfer of the Purchased Assets, and the sale of the Purchased Assets shall vest the Purchaser with all right, title, and interest of the Debtor in and to the Purchased Assets free and clear of all Interests of any kind or nature whatsoever (other than the Assumed Liabilities), and the assertion of any such Interests in or against the Purchased Assets shall be and hereby is prohibited.

9. At Closing, the Purchaser shall pay the Purchase Price, as described and in manner provided under the APA.

10. At or before the Closing, the Purchaser may designate one or more Designees to take title to the Purchased Assets. References to the Purchaser in this Order, in the APA, and the

Procedures Order shall apply to such Designee(s); provided, however, that any such designation shall not release the Purchaser from any of its duties or obligations under the APA or this Order.

**ADDITIONAL PROVISIONS**

11. The consideration provided by the Purchaser for the Purchased Assets under the APA constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the State of Texas.

12. The consideration provided by the Purchaser for the Purchased Assets under the APA is fair and reasonable and the Transaction may not be avoided under Section 363(n) of the Bankruptcy Code.

13. On the Closing Date of the Transaction, each of the Debtor's creditors shall execute such documents and take all other actions as may be necessary to release its Interests, if any, in the Purchased Assets and to give the Purchaser clear title to the Purchased Assets. If any such creditor fails or refuses to do so, the Debtor is hereby granted a lifetime power of attorney to act on such creditor's behalf, but only to the extent necessary to take any such action.

14. This Order (a) shall be effective as a determination that, on the Closing Date, all Interests of any kind or nature whatsoever existing as to the Purchased Assets prior to the Closing have been unconditionally released, discharged, and terminated (other than the Assumed Liabilities), and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record

or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets.

15. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA.

16. If any person or entity that has filed financing statements, mortgages, mechanic's liens, lis pendens, or other documents or agreements evidencing Interests in the Purchased Assets shall not have delivered to the Debtor, prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Interests which the person or entity has with respect to the Purchased Assets, then (a) the Debtor is authorized and directed to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Purchased Assets, and (b) the Purchaser is authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Interests in the Purchased Assets of any kind or nature whatsoever.

17. All entities who are presently, or on the Closing Date may be, in possession of some or all of the Purchased Assets are hereby directed to surrender possession of the Purchased Assets to the Purchaser on the Closing Date.

18. Except as otherwise specifically provided herein or in the APA, the Purchaser shall have no liability or responsibility for any liability or other obligation of the Debtor arising under or related to the Purchased Assets. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein and in the APA, the Purchaser shall not be liable for any claims against the Debtor, or any of its predecessors or affiliates, except as set forth in

the APA, and the Purchaser shall have no successor or vicarious liabilities of any kind or character, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or any obligations of the Debtor arising prior to the Closing Date, including, but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the transfer of the Purchased Assets or the operation of the Debtor's business prior to the Closing Date.

19. Under no circumstances shall the Purchaser be deemed a successor of or to the Debtor for any claim or Interest in or against the Debtor or the Purchased Assets, of any kind or nature whatsoever. The sale, transfer, assignment, and delivery of the Purchased Assets shall not be subject to any claims or Interests, and claims and interests of any kind or nature whatsoever shall remain with, and continue to be obligations of, the Debtor. All persons holding claims or Interests in or against the Debtor or the Purchased Assets, of any kind or nature whatsoever, shall be and hereby are forever barred and estopped from asserting, prosecuting, or otherwise pursuing such claim or Interests against the Purchaser, its property, its successors and assigns, or the Purchased Assets with respect to any claim or Interest of any kind or nature whatsoever such person or entity had, has, or may have in or against the Debtor, its estate, officers, directors, shareholders, or the Purchased Assets. Following the Closing Date, no holder of any claim or Interest in or against the Debtor shall interfere with the Purchaser's title to, or use and enjoyment of, the Purchased Assets based on or related to such claim or Interest.

20. Under no circumstances shall any holder of an Excluded Liability, as defined in the APA, be able to commence, continue, or otherwise pursue or enforce any remedy, claim, or cause of action against the Purchaser, and each holder of an Excluded Liability is barred and estopped from commencing, continuing, or otherwise pursuing or enforcing any remedy, claim,

or cause of action against the Purchaser with respect to such Excluded Liability or in connection with or on account of the Transaction or the Purchaser's acquisition of the Purchased Assets.

21. Subject to, and except as otherwise provided in this Order, any amounts that become payable by the Debtor pursuant to the APA, or any of the documents delivered by the Debtor pursuant to or in connection with the APA, shall (a) constitute administrative expenses of the Debtor's estate, and (b) be paid by the Debtor in the time and manner as provided in the APA, without further order of the Court.

22. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order, the APA, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction (a) to compel delivery of the Purchased Assets to the Purchaser, (b) to resolve any disputes arising under or related to the APA, except as otherwise provided therein, (c) to interpret, implement, and enforce the provisions of the Order, and (d) to protect the Purchaser (i) against assertion of any of the Excluded Liabilities, and (ii) against any claims or Interests in or against the Debtor or the Purchased Assets, of any kind or nature whatsoever.

23. Nothing contained in any plan of liquidation or reorganization confirmed in this case or any order of this Court confirming such plan shall conflict with or derogate from the provisions of the APA or the terms of this Order.

24. The transactions contemplated by the APA are undertaken by the Purchaser in good faith, as that term is used in Section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Transaction shall not affect the validity of the Transaction to the Purchaser, unless the Closing of the Transaction is duly stayed pending such appeal. The Purchaser is a purchaser in good faith

of the Purchased Assets, and is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

25. The terms and provisions of the APA and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate, its creditors and equity security holders, the Purchaser, and its respective affiliates, designees, successors, and assigns, and any affected third parties including, but not limited to, all persons asserting Interests in the Purchased Assets to be sold to the Purchaser pursuant to the APA, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding. The transfer of the Purchased Assets to the Purchaser pursuant to the APA and this Order is not contrary to any applicable law or regulation.

26. The failure specifically to include any particular provisions of the APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA be authorized and approved in its entirety.

27. The APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate.

28. Except as provided in the APA, this Order or any other order of this Court, the Debtor and its estate shall have no further liabilities or obligations with respect to the Assumed Liabilities after the Closing, and all holders of such claims are forever barred and estopped from asserting such claims against the Debtor, its successors or assigns, its property, or its assets.

29. The transfer of the Purchased Assets pursuant to the Transaction is a transfer pursuant to Section 1146(c) of the Bankruptcy Code, and accordingly shall not be taxed under any law imposing a stamp tax or a sale, transfer, or any other similar tax.

30. The sale of the Purchased Assets to the Purchaser shall be and hereby is approved free and clear of all liens, claims, and encumbrances, and all valid liens, claims, and encumbrances, if any, shall attach to the proceeds of sale of the subject property in order of priority, subject to all allowed administrative expenses and claims consisting of sale costs, legal fees, and expenses associated with the sale of the Purchased Assets, except for such liens, claims, encumbrances, or interests expressly assumed or approved in the APA, whichever is applicable; this means the Purchaser shall have no successor liability for any claims accruing against Debtor prior to the closing date.

31. Pursuant to the terms of the Procedures Order, [_____], as the other Back-Up Bidders at the Auction, shall remain ready, willing, and able to close the Transaction under the terms of its last Qualified Bid submitted at the Auction until the earlier of (a) the close of the Transaction, or (b) September 30, 2009, and shall close if the Purchaser fails to close.

32. As provided by Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately upon entry, and, as authorized by Bankruptcy Rules 6004(g) and 6006(d), this Order shall not be stayed.

33. The provisions of this Order are non-severable and mutually dependent.

34. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

### End of Order ###

**ORDER UNDER, *INTER ALIA*, SECTIONS 105(a), 363, 365, AND 1146(c) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004, 6006, AND 9014 (A) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (B) GRANTING RELATED RELIEF - Page 15**
DAL 77,580,054v3