David L. Pollack, Esquire
Jeffrey Meyers, Esquire
Dean C. Waldt , Esquire
**BALLARD SPAHR ANDREWS &
    INGERSOLL, LLP**
1735 Market Street – 51st Floor
Philadelphia, PA 19103
(215) 864-8325
(215) 864-9473
Attorneys for Ross Dress for Less, Inc.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **In re** | ) | Chapter 11 |
| | ) | |
| **OPUS WEST CORPORATION,** *et al.* | ) | Case No. 09-34356-hdh-11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**OBJECTION OF ROSS DRESS FOR LESS, INC. TO JOINT MOTION
OF DEBTORS FOR ORDERS (I) AUTHORIZING THE SALE OF
THEIR INTERESTS IN CERTAIN ENTITIES FREE AND CLEAR OF
LIENS, CLAIMS, INTEREST AND ENCUMBRANCES;(II) ESTABLISHING
BIDDING PROCEDURES AND SCHEDULING AN EXPEDITED HEARING
RELATED TO THE APPROVAL THEREOF; (III) APPROVING THE FORM OF
NOTICE RELATED TO THE AUCTION AND SALE HEARING; AND (IV)
SCHEDULING A SALE HEARING IMMEDIATELY AFTER THE AUCTION**

TO THE HONORABLE HARLIN DEWAYNE HALE,
UNITED STATES BANKRUPTCY JUDGE:

Ross Dress for Less, Inc. ("Ross"), by and through its undersigned attorneys, hereby makes this Objection to Joint Motion of Debtors for Orders (I) Authorizing the Sale of Their Interests in Certain Entities Free and Clear of Liens, Claims, Interest and Encumbrances; (II) Establishing Bidding Procedures and Scheduling an Expedited Hearing Related to the Approval Thereof; (III) Approving the Form of Notice Related to the Auction and Sale Hearing; and (IV) Scheduling a Sale Hearing Immediately After the Auction (the "Motion"), and in support thereof aver as follows:

1

1.  Ross is a national off-price retailer operating in 27 states. On or about May 30, 2008, Ross entered into a written lease (the "Lease") with Opus West LP ("OWLP") for premises to be located in The Crossing at Fort Bend ("The Crossings") shopping center, Houston, Texas.[1] The Crossings premises are premises located in a shopping center, as that term is used in 11 U.S.C. § 365(b)(3). *See In Re: Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

**Background**

2.  The Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Code") on or about July 6, 2009 (the "Petition Date"). Since the Petition Date, the Debtors have been operating and managing their businesses as a debtors-in-possession.

3.  The Debtors filed the Motion on the Petition Date. By the Motion Debtors propose to sell their interests in certain entities and presumably assign one or more leases to the successful bidder or bidders ("Assignee") at an auction. The auction was scheduled for August 26, 2009 pursuant to the terms of that certain procedures order (the "Procedures Order", Docket #186) entered by the Court on July 29, 2009.

4.  According to Exhibit "A" to the Motion, OWLP is the one hundred percent owner of OWP Fort Bend Retail, L.L.C. ("OWP-FBR").

5.  According to information contained in the Reservation of Rights and Objections of Bank of America, N.A. (Docket #153), on the eve of filing its voluntary petitions, OWLP transferred its interest in The Crossings to OWP-FBR. Further, according to said

---

[1]  A copy of the Lease and Exhibits A-E thereto is attached hereto in three parts as Exhibits "A", "B" and "C". A copy of the First Amendment is attached hereto as Exhibit "D". The Lease and First Amendment are collectively referred to as the "Lease".

2

pleading, that transfer constitutes a default under OWLP's loan dated November 20, 2006 with Bank of America, N.A.

6. Pursuant to Section 19.6 of the Ross Lease, OWLP was not permitted to assign the Lease prior to the Delivery Date[2] except to an assignee approved by Ross. The transfer of OWLP's interests to OWP-FBR appears to have been an unauthorized and improper assignment of the Lease.

## General Objections to Sale of Lease

7. Ross objects to the proposed assumption and assignment of its Lease to any assignee, unless Debtors and/or the assignee comply with all of the requirements of Sections 365(b) and (f) of the Bankruptcy Code. Absent the ability, or willingness, of the Debtors and the assignee to satisfy said requirements any proposed assumption and assignment must be denied.

8. The burden of proof on adequate assurance issues is with the Debtors. *See, In re Lafayette Radio Electronics Corp.* 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1991).

## Cure

9. OWLP is in default under the terms of the Ross Lease for *inter alia*, failing to deliver the premises to Ross pursuant to the terms of the Lease, failing to pay to Ross the liquidated damages required pursuant to Section 5.4 of the Lease and the demand therefor by Ross (see Notice and Demand attached as Exhibit "E") and apparently assigning the Lease to OWP-FBR without the prior consent of Ross. In addition, based upon the current condition of the shopping center and the premises, it does not appear that OWLP will meet its obligation to Ross for the next Delivery Date contemplated by the lease. Further, Ross has been required to expend money for attorneys' fees related to the late delivery and the prosecution of this

---

2   The Delivery Date is defined in Section 2 of the Lease and has not yet occurred.

3

Objection, loss of additional management time and expense as a result of the late delivery and was required to remove the store at The Crossings from its projected 2009 openings list thereby causing additional expenses to Ross and denying Ross the profits which it would have achieved had there been a timely opening of the store in 2009. Ross asserts that each and every item set forth herein constitutes a default which is required to be cured in conjunction with any assumption and assignment of its Lease.

## Prohibition Against Assignment

10. As noted above, pursuant to Section 19.6 of the Lease, OWLP may not assign the Lease without the prior consent of Ross, which consent shall not be unreasonably withheld. As set forth in that section, this provision was negotiated into the Lease in order to assure Ross that any proposed assignee will have both the financial and development capability to satisfy the delivery conditions and construction obligations set forth in the Lease. This is of particular concern to Ross in this matter since the Delivery Date has already been missed by OWLP, OWLP having failed to deliver the premises in accordance with the Construction Completion Notice dated February 11, 2009

11. . Accordingly, pursuant to Section 365(c), Ross's lease may not be assumed and assigned without Ross's consent.

## Assumption and Amendment Agreement

12. Ross requests that, as a condition to any order approving assumption and assignment of the Lease, the assignee shall be required to enter into an Assumption and Amendment Agreement whereby the assignee shall become directly obligated to Ross.

4

### Objection to Proposed Sale Order

13. Ross reserves the right to object to the provisions of any proposed Sale Order once a final version of same is presented or filed.

### Reservation of Rights

14. Ross reserves the right to make such other and further objections as may be appropriate once a proposed assignee is identified for its Lease. Ross also reserves all of its rights under the Lease including, but not limited to, the right to terminate same as provided in the Lease.

### Joinder in Other Tenant Objections

15. Ross hereby joins in the objections filed by Debtors' other tenants to the extent that such objections are not inconsistent with the provisions hereof.

**WHEREFORE,** Ross prays for relief consistent with the foregoing objections; and

**WHEREFORE,** Ross prays for such other and further relief as may be just and required under all of the circumstances.

August 27, 2009

**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

BY: /s/ David L. Pollack
DAVID L. POLLACK
JEFFREY MEYERS
DEAN WALDT
**Attorneys for Ross Dress for Less, Inc.**
51ST Fl - Mellon Bank Center
1735 Market Street
Philadelphia, Pennsylvania 19103
DID (Pollack)(215) 864-8325
DID fax (215) 864-9473