

NORTHERN DISTRICT OF TEXAS
**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

United States Bankruptcy Judge

Signed August 31, 2009

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| OPUS WEST CORPORATION, *et al.*,[1] | Case No. 09-34356-hdh-11 |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING SALE OF PROPERTY FREE AND CLEAR
OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES**
[Docket No. 9 - Hill Country Townhome Land]

On this day, the Court considered the *Joint Motion of the Debtors for Orders: (I) Authorizing the Sale of Certain Property in Certain Entities Free and Clear of Liens, Claims, Interests, and Encumbrances; (II) Establishing Bidding Procedures and Scheduling an Expedited Hearing Relating to the Approval Thereof; (III) Approving the Form of Notice Related to the Auction and Sale Hearing; and (IV) Scheduling a Sale Approval Hearing Immediately After the Auction* (Docket No. 9) (the "**Motion to Sell Property**") filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned bankruptcy case.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Opus West Corporation (1533); Opus West Construction Corporation (5917); Opus West LP (5535); Opus West Partners, Inc. (5537); and O.W. Commercial, Inc. (9134).

**ORDER AUTHORIZING SALE OF PROPERTY FREE AND CLEAR
OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES – Page 1**
DAL 77,679,968v2

Pursuant to the Motion to Sell Property, the Debtors requested that the Court enter an order (1) approving the Bidding Procedures,[2] and (2) authorizing the sale of certain of the Debtors' property, including the property known as the Hill Country Townhome land (the "**Property**"), as more specifically identified in that certain *Asset Purchase Agreement* (the "**Asset Purchase Agreement**") attached hereto as Exhibit "A" and incorporated herein by reference. The Motion to Sell Property requests that such Property be sold free and clear of all liens, claims, encumbrances, and interests to the best and highest bidder(s) determined through the Auction. At a hearing held on July 24, 2009, the Court entered an order as Docket No. 189 in this case approving the Bidding Procedures (the "**Bidding Procedures Order**")

The Court, having reviewed the pleadings, the Purchase Agreement, the representations of counsel, and all other matters relevant hereto, hereby:

**FINDS AND DETERMINES THAT:**

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**"), made applicable to this proceedings pursuant to Bankruptcy Rule 9014.

B. To the extent any of the following findings of fact constitute conclusion of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. This Court entered the Bidding Procedures Order on July 28, 2009. The Bidding Procedures Order has become a final and non-appealable order and remains in full force and effect.

D. Due, proper, timely, adequate, and sufficient notice of the Motion to Sell Property, the Bidding Procedures, the Auction, the sale of the Property, and the transactions contemplated thereby has been provided in accordance with Section 363 (b), (e), (f), and (m) of

---

[2] Terms not defined in this Order shall have the same meaning as set forth in the Motion to Sell Property.

**ORDER AUTHORIZING SALE OF PROPERTY FREE AND CLEAR**
**OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES – Page 2**
DAL 77,679,968v2

Title 11 of the United States Code (collectively, the "**Bankruptcy Code**") and Bankruptcy Rules 2002, 6004, and 9014 and in substantial compliance with the Bidding Procedures Order. Such notice was good, sufficient, and appropriate under the circumstances and no other or further notice of the Motion to Sell Property, the Bidding Procedures, the Auction, the sale of the Property, or the transactions contemplated thereby is or shall be required.

   E. As evidenced by the testimony and other evidence proffered or adduced at the hearing approving the sale of the Property to Robert B. Baldwin, III or his assigns (the "**Buyer**") as set forth in the Asset Purchase Agreement (the "**Sale Approval Hearing**"), and the representations of counsel made on the record at the Sale Approval Hearing: (1) the Debtors conducted the sale process in compliance with the Bidding Procedures Order; (2) the Auction was duly noticed; (3) a reasonable opportunity has been given to any interested party to make a higher or better offer for the Property; and (4) the Buyer submitted the highest and best qualifying bid.

   F. Except as otherwise expressly set forth herein with regard to 2009 ad valorem taxes, the Debtors may sell the Property free and clear of all liens, claims, interests, and encumbrances (collectively, the "**Liens**") because one or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Liens who did not object, or who withdrew their objections, to the Motion to Sell Property are deemed to have consented pursuant to Section 363(f)(2) of the Bankruptcy Code. Those holders of Liens who did object are adequately protected by having their Liens, if any, attach to the cash Proceeds (hereinafter defined) of the sale ultimately attributable to the Property against or in which they claim a Lien or interest, subject to the terms hereof.

   G. The Debtors have demonstrated both (1) good, sufficient, and sound business purpose and justification, pursuant to Section 363(b) of the Bankruptcy Code, in that, among other things, the immediate consummation of the sale to the Buyer is necessary and appropriate to maximize the value of the Debtors' estates; and (2) the sale will provide the means for the Debtors to maximize distributions to creditors.

H. The Debtors have demonstrated that the decision to conduct the sale and all other transactions contemplated by the Motion to Sell Property constitute an exercise of the Debtors' sound business judgment and that the transactions contemplated in the Motion to Sell Property are in the best interests of the Debtors' estates.

I. The Buyer is a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.

J. The Debtors have full power and authority to execute all documents necessary to consummate the transactions contemplated by the Motion to Sell Property, including, but not limited to, the Asset Purchase Agreement attached hereto as Exhibit "A." All of the transactions contemplated by the Motion to Sell Property have been duly and validly authorized by all necessary actions of the Debtors.

K. The Asset Purchase Agreement was proposed and negotiated in good faith and from arm's-length bargaining positions. Neither the Debtors nor the Buyer have engaged in any conduct that would cause or permit the sale of the Property to the Buyer to be avoided under Section 363(n) of the Bankruptcy Code.

L. The consideration to be provided by the Buyer (1) is fair and reasonable, (2) is the highest and best offer for the Property, and (3) constitutes reasonably equivalent value and fair consideration, and the sale transaction with the Buyer was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, or the District of Columbia.

M. The transfer of the Property to the Buyer will be a legal, valid, and effective transfer of the Property, and vests or will vest the Buyer with all right, title, and interest of the Debtors to the Property free and clear (except with regard to 2009 ad valorem taxes) of (1) all Liens, and (2) all debts arising under, relating to, or in connection with any acts of the Debtors, claims (as that term is defined in Section 101(5) of the Bankruptcy Code), liabilities, obligations, demands, guarantees, options, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of this case,

and whether imposed by agreement, understanding, law, equity or otherwise (including, without limitation, rights of claims, interests and encumbrances (i) that purport to give to any party a right of setoff or recoupment against, or a right or option to effect any forfeiture, modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of, any of the Debtors' interests in the Property, or any similar rights, or (ii) in respect of taxes (except for 2009 ad valorem taxes), restrictions, rights of first refusal, charges, or interests of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income, or other exercise of any attributes of ownership) (collectively, as defined in this clause (2), "**Claims**") with all such Liens to attach to the proceeds of the sale (the "**Proceeds**") in order of priority, subject to any rights, Claims, and defenses of the Debtors with respect thereto and subject to the remaining provisions of this Order.

N. Neither the Buyer nor its affiliates, successors, or assigns, as a result of any action taken in connection with the purchase of the Property: (1) are a successor to the Debtors; (2) have, de facto or otherwise, merged with or into the Debtors; or (3) are a continuation or substantial continuation of the Debtors or any enterprise of the Debtors.

Now, therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding as defined by 28 U.S.C. § 157. The Court has the authority to enter this Order pursuant to 28 U.S.C. § 157. The statutory predicates for the relief sought in the Motion to Sell Property are Section 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014.

2. The Debtors' sale of the Property is a valid and prudent exercise of their business judgment, is in the best interests of the Debtors' estates and creditors, and is hereby approved.

3. The Debtors served the Motion to Sell Property, notice thereof, and Bidding Procedures upon all parties entitled to service thereof, and to all parties who the Debtors had

reason to believe would have an interest in purchasing the Property, and gave adequate notice of the relief requested, the applicable bidding procedures, the applicable deadlines, and the hearing upon the Motion to Sell Property.

4. The highest and best offer for the Property was made by the Buyer in the amount of $110,000.00, as further set forth in the Asset Purchase Agreement (the "**Purchase Price**"). The sale of the Property to the Buyer for the Purchase Price is therefore approved.

5. The sale of the Property to the Buyer shall close on or before September 2, 2009 (the "**Closing**"), and the Buyer shall make payment in full upon closing of the sale of the Property at such Closing. The ten (10) day stay period imposed by Bankruptcy Rule 6004(h) is hereby waived and this Order shall be effective and enforceable immediately upon entry by this Court.

6. Except as otherwise expressly set forth herein with regard to 2009 ad valorem taxes, pursuant to Section 363(f) of the Bankruptcy Code, the Property is sold to the Buyer free and clear of all Liens. All Liens, if any, will attach to the Proceeds resulting from the sale of the Property. The Debtors will satisfy any and all liens, claims, interests, and encumbrances, upon or against the Property, if any, from the Proceeds of the sale of the Property.

7. Notwithstanding anything in this Order to the contrary, ad valorem taxes related to the Property for the 2009 tax year shall be an assumed liability of the Buyer, or its assignee, and the 2009 tax liens shall be a permitted encumbrance. The ad valorem tax liens for the 2009 tax year related to the Property are hereby expressly retained until the payment by the Buyer, or its assignee, of such 2009 ad valorem tax liens, and any penalties or interest which may ultimately accrue to those 2009 taxes, in the ordinary course of business. The liens of ad

valorem tax creditors shall attach to the proceeds of the sale in the same priority, validity, and extent as those liens attached to the Property on the Petition Date.

8. The Debtors may execute any additional instruments and documents or take any and all further actions that may be reasonably necessary, convenient, or desirable in transferring the Property to the Buyer.

9. The Buyer is a good faith purchaser for value and is entitled to the protection set forth in Section 363(m) of the Bankruptcy Code.

10. This Court shall have exclusive jurisdiction to implement and enforce the terms and provisions of this Order, including any disputes relating hereto or with respect to the sale of the Property or the Proceeds related thereto.

11. The findings, as detailed herein, are apart of this Order and incorporated herein.

### END OF ORDER ###

# Exhibit "A"

# Asset Purchase Agreement

Exhibit "A" to this Order has previously been filed as Docket No. 364 and is incorporated herein by reference.

*DAL 77,679,968v2*