

NORTHERN DISTRICT OF TEXAS
**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed August 31, 2009

United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| OPUS WEST CORPORATION, *et al.*,[1] | Case No. 09-34356-hdh-11 |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING SALE OF INTERESTS FREE AND CLEAR
OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES**
[Docket No. 10]

On this day, the Court considered the *Joint Motion of the Debtors for Orders: (I) Authorizing the Sale of Certain Interests in Certain Entities Free and Clear of Liens, Claims, Interests, and Encumbrances; (II) Establishing Bidding Procedures and Scheduling an Expedited Hearing Relating to the Approval Thereof; (III) Approving the Form of Notice Related to the Auction and Sale Hearing; and (IV) Scheduling a Sale Approval Hearing Immediately After the Auction* (Docket No. 10) (the "**Motion to Sell Interests**") filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned bankruptcy case.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Opus West Corporation (1533); Opus West Construction Corporation (5917); Opus West LP (5535); Opus West Partners, Inc. (5537); and O.W. Commercial, Inc. (9134).

**ORDER AUTHORIZING SALE OF INTERESTS FREE AND CLEAR
OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES – Page 1**
DAL 77,673,686v5

The Court, having reviewed the pleadings, the Bills of Sale (as hereinafter defined), the representations of counsel, and all other matters relevant hereto, hereby:

**FINDS AND DETERMINES THAT:**

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. To the extent any of the following findings of fact constitute conclusion of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. This Court entered its order approving the Bidding Procedures[2] on July 27, 2009 (the "**Bidding Procedures Order**"). The Bidding Procedures Order has become a final and non-appealable order and remains in full force and effect.

F. Due, proper, timely, adequate, and sufficient notice of the sale of the interests set forth in the Bills of Sale (collectively, the "**Interests**") free and clear of Liens and Claims (as each term is defined below), the Motion to Sell Interests, the Bidding Procedures, the Auction, and the transactions contemplated thereby has been provided in accordance with Section 363 (b), (e), (f) and (m) of Title 11 of the United States Code (collectively, the "**Bankruptcy Code**") and Bankruptcy Rules 2002, 6004, and 9014 and in substantial compliance with the Bidding Procedures Order. Such notice was good, sufficient, and appropriate under the circumstances and no other or further notice of the Motion to Sell Interests, the Bidding Procedures, the Auction, the sale of the Interests, or the transactions contemplated thereby is or shall be required.

G. As evidenced by the testimony and other evidence proffered or adduced at the hearing approving the sale of the interests to the Buyers (the "**Sale Approval Hearing**"), and the representations of counsel made on the record at the Sale Approval Hearing: (1) the Debtors

---

[2] Terms not defined in this Order shall have the same meanings set forth in the Motion to Sell Interests.

**ORDER AUTHORIZING SALE OF INTERESTS FREE AND CLEAR**
**OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES – Page 2**
*DAL 77,673,686v5*

conducted the sale process in compliance with the Bidding Procedures Order; (2) the Auction was duly noticed; (3) a reasonable opportunity has been given to any interested party to make a higher or better offer for the Interests, and (4) the Buyers submitted the highest and best qualifying bid.

H. Except as set forth in that certain *Agreed Order and Stipulation With Respect to the Debtors' Proposed Sale of Interests in Certain Special Purchase Entities* entered in this case as Docket No. 336 on August 25, 2009 (the "**Agreed Order**"), the Debtors may sell their Interests in certain entities free and clear of all liens, claims, interests, pledges, security interests, and encumbrances (collectively, the "**Liens**") because one or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Liens who did not object, or who withdrew their objections, to the Motion to Sell Interests are deemed to have consented pursuant to Section 363(f)(2) of the Bankruptcy Code. Those holders of Liens who did object are adequately protected by having their Liens, if any, attach to the cash Proceeds (hereinafter defined) of the transactions contemplated by the Motion to Sell Interests ultimately attributable to the Interests against or in which they claim a Lien, subject to the terms hereof.

I. The Debtors have demonstrated both good, sufficient, and sound business purpose and justification, pursuant to Section 363(b) of the Bankruptcy Code, in that, among other things, the immediate consummation of the sale to the Buyers is necessary and appropriate to maximize the value of the bankruptcy estates, and the sales of the Interests will provide the means for the Debtors to maximize distributions to creditors.

J. The Debtors have demonstrated that the decision to conduct the sales and all other transactions contemplated by the Motion to Sell Interests constitute an exercise of the Debtors' sound business judgment and that the transactions contemplated in the Motion to Sell Interests are in the best interests of the Debtors' estates.

K. Each Buyer is a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.

L. The Debtors have full power and authority to execute all documents necessary to consummate the transactions contemplated by the Motion to Sell Interests, including, but not limited to, entry into the Bills of Sale, true and correct copies of which are attached hereto as Exhibits "A" through "AA" and incorporated herein by reference (collectively, the "**Bills of Sale**"). All of the transactions contemplated by the Motion to Sell Interests have been duly and validly authorized by all necessary actions of the Debtors.

M. The Bills of Sale were negotiated, proposed, and entered into without collusion, in good faith, and from arm's-length bargaining positions. No Buyer is an "insider" of the Debtors' estates. Neither the Debtors nor any of the Buyers have engaged in any conduct that would cause or permit the sale of the Interests to the Buyers to be avoided under Section 363(n) of the Bankruptcy Code.

N. The consideration to be provided by each Buyer (1) is fair and reasonable, (2) is the highest and best offer for the Interests, and (3) constitutes reasonably equivalent value and fair consideration, and the sale transactions with the Buyers were not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, or the District of Columbia.

O. The transfer of the Interests to each Buyer will be a legal, valid, and effective transfer of the Interests and vests or will vest each Buyer with all right, title, and interest of the Debtors to the Interests free and clear of (1) all Liens, and (2) all debts arising under, relating to, or in connection with any acts of the Debtors, claims (as that term is defined in Section 101(5) of the Bankruptcy Code), liabilities, obligations, demands, guarantees, options, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, rights of claims, interests and encumbrances (i) that purport to give to any party a right of setoff or recoupment against, or a right or option to effect any forfeiture, modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of, any of the Debtors' interests in

the Interests, or any similar rights, or (ii) in respect of taxes, restrictions, rights of first refusal, charges, or interests of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income, or other exercise of any attributes of ownership) (collectively, as defined in this clause (2), "**Claims**"), with all such Liens and interests to attach to the proceeds of the sale (the "**Proceeds**") in order of priority, subject to any rights, Claims, and defenses of the Debtors with respect thereto and subject to the remaining provisions of this Order.

P.  None of the Buyers nor any of their affiliates, successors, or assigns, as a result of any action taken in connection with the purchase of the Interests: (1) is a successor to the Debtors; (2) have, de facto or otherwise, merged with or into the Debtors; or (3) are a continuation or substantial continuation of the Debtors or any enterprise of the Debtors.

Now, therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding as defined by 28 U.S.C. § 157. The Court has the authority to enter this Order pursuant to 28 U.S.C. § 157. The statutory predicates for the relief sought in the Motion to Sell Interests are Section 363 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, and 9014.

2.  The Debtors' sale of the Interests is a valid and prudent exercise of their business judgment, is in the best interests of the Debtors' estates and creditors, and is hereby approved.

3.  The Debtors served the Motion to Sell Interests, notice thereof, and Bidding Procedures (collectively, the "**Bidding Documents**") upon all parties entitled to service thereof, and to all parties who the Debtors had reason to believe would have an interest in purchasing the Interests, and gave adequate notice of the relief requested, the applicable bidding procedures, the applicable deadlines, and the hearing upon the Motion to Sell Interests.

4.  The attached Bills of Sale have been entered into with those parties who submitted the highest and best offer for the Interests referenced therein (the "**Purchase Price**").

The sale of Interests set forth in the Bills of Sale to the respective Buyers for the applicable Purchase Price is therefore approved.

5. The sale of the Interests to the Buyers shall close within the time periods set forth in the Bills of Sale (the "**Closings**") and the Buyers shall make payment in full upon closing of the sale of the Interests at such Closings. The ten (10) day stay imposed by Bankruptcy Rule 6004(h), is hereby waived and this Order shall be effective and enforceable immediately upon entry by this Court.

6. Pursuant to Section 363(f) of the Bankruptcy Code, the Interests are sold to (and shall vest in) the Buyers free and clear of all Liens and Claims. All Liens, if any, will attach to the Proceeds resulting from the sale of the Interests. The Debtors will satisfy any and all Liens upon or against the Interests, if any, from the Proceeds of the sale of the Interests.

7. The Debtors may execute any additional instruments and documents or take any and all further actions that may be reasonably necessary, convenient, or desirable in transferring the Interests to the Buyers.

8. Each Buyer is a good faith purchaser for value and is entitled to the protection set forth in Section 363(m) of the Bankruptcy Code.

9. Except as set forth in the Agreed Order, the transfer of the Interests to each Buyer is be a legal, valid, and effective transfer of the Interests and vests or will vest each Buyer with all right, title, and interest of the Debtors to the Interests unimpaired by any prior existing agreement or otherwise notwithstanding any provision in a shareholders' agreement, operating agreement, or similar agreement relating to the Interests (or any of them), Debtors' rights and powers as a holder of the Interests are not, and shall not be, impaired or materially modified by the commencement of the Debtors' cases under the Bankruptcy Code or by the transfer effected hereby. The terms of this Order shall not limit a party's right to assert that any clause or provision of any document related to the Interests are impermissible restraints on alienation and/or are "ipso facto" clauses.

10. The Back-Up Bidders identified at the Auction or otherwise pursuant to the terms of the Bidding Procedures Order shall remain ready, willing, and able to close on the purchase of the applicable Interests under the terms of their last bid submitted with respect to the applicable Interest until the earlier of (a) the closing of the sale of the applicable Interest with the applicable Buyer, or (b) September 4, 2009, and shall close on the purchase of the applicable Interest if the applicable Buyer fails to so close.

11. This Court shall have exclusive jurisdiction to implement and enforce the terms and provisions of this Order, including any disputes relating hereto or with respect to the sale of the Interests or the Proceeds related thereto.

12. The findings, as detailed herein, are a part of this Order and incorporated herein.

### END OF ORDER ###

## Exhibits "A" through "AA"

Exhibits "A" through "AA" to this Order have previously been filed as Docket No. 365 and are incorporated herein by reference.