NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed January 28, 2010

**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **OPUS WEST CORPORATION,** *et al.,*[1] | Case No. 09-34356-hdh-11 |
| **Debtors.** | Jointly Administered |

**FINDINGS OF FACT, CONCLUSIONS OF LAW,**
**AND ORDER CONFIRMING JOINT PLAN**

Came on for consideration, confirmation of that certain *Amended Joint Chapter 11 Plan of Liquidation of Opus West Corporation, Opus West Construction Corporation, and Opus West LP, Dated as of December 2, 2009* filed with the Court on December 2, 2009, as Docket No. 593 (the "**Amended Plan**"), as modified by that certain *Modification to Amended Joint Chapter 11 Plan of Liquidation of Opus West Corporation, Opus West Construction Corporation, and Opus West LP, Dated as of December 2, 2009* filed with the Court on January 8, 2010, as Docket No.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Opus West Corporation (1533); Opus West Construction Corporation (5917); Opus West LP (5535); Opus West Partners, Inc. (5537); and O.W. Commercial, Inc. (9134).

643 (the "**Modification**," and together with the Amended Plan, the "**Plan**"),[2] each jointly filed by Opus West Corporation ("**Opus West**"), Opus West Construction Corporation ("**OWCC**"), and Opus West LP ("**OWLP**," and together with Opus West and OWCC, the "**Debtors**").[3]

The Court, having considered the (a) *Certificate of Mailing* filed with the Court by the Debtors' agent on December 10, 2009, as Docket No. 607 (the "**First Certificate of Mailing**"), regarding service of the (i) Disclosure Statement (as defined in the Amended Plan), (ii) Amended Plan, (iii) *Order (1) Conditionally Approving Amended Disclosure Statement, (2) Approving Form of Notice of Combined Hearing on Final Approval of Amended Disclosure Statement and Confirmation of Amended Plan, (3) Establishing Procedures for Voting on Amended Plan, (4) Fixing Date for Returning Acceptances or Rejections of Amended Plan, (5) Fixing Date for Filing Objections to Amended Disclosure Statement and Confirmation, (6) Setting Deadline by Which Governmental Entities Must File Proofs of Claim, and (7) Setting Hearing on Final Approval of Amended Disclosure Statement and Confirmation of Amended Joint Plan* entered by the Court on December 3, 2009, as Docket No. 598 (the "**Conditional Order**"), (iv) *Notice of (1) Final Hearing on Approval of Amended Joint Disclosure Statement, (2) Hearing on Confirmation of Amended Plan, (3) Deadline and Procedures for Filing Objections to Confirmation of Amended Plan, (4) Voting Record Date, (5) Voting Deadline for Receipt of Ballots, and (6) Deadline by Which Governmental Entities Must File Proofs of Claim*, the form of which was approved pursuant to the Conditional Order (the "**Notice**"), (v) *Information to Creditors Submitting Ballots and Notice of Important Dates* (the "**Information to Creditors**"), and (vi) appropriate ballots related to the Plan (collectively, the "**Ballots**") and ballot instructions

---

[2] Terms not defined in this Confirmation Order shall have the same meanings as set forth in the Plan.

[3] For the avoidance of doubt, the terms "Debtors" as used in this Order shall not include related debtors O.W. Commercial, Inc. or Opus West Partners, Inc., each of which are expressly excluded from the terms of the Plan and will be administered separate and apart from the provisions of the Plan.

(the "**Ballot Instructions**"), which were served on parties-in-interest as set forth in the First Certificate of Mailing, and (b) *Certificate of Mailing* filed with the Court by the Debtors' agent on January 12, 2010, as Docket No. 648 (which, together with the First Certificate of Mailing, are collectively referred to as the "**Certificates of Mailing**") regarding service of the (i) *Order (1) Approving Disclosure Statement on a Final Basis, (2) Rescheduling Hearing on Confirmation of Plan to January 27, 2010, at 2:30 p.m. (Prevailing Central Time), and (3) Extending Voting Deadline to January 20, 2010, at 4:30 p.m. (Prevailing Central Time)* (the "**Final Disclosure Statement Order and Notice of Rescheduled Confirmation Hearing**") and (ii) Modification upon all creditors, interest holders, and other parties-in-interest herein, is of the opinion that due notice of the Disclosure Statement, the Amended Plan, the Conditional Order, the Notice, the Modification, and the Final Disclosure Statement Order and Notice of Rescheduled Confirmation Hearing was given to all holders of Claims against, and Interests in, the Debtors, in accordance with Title 11 of the United States Code (the "**Bankruptcy Code**") and the Federal Rules of Bankruptcy Procedure, and no other or further notice need be given.

The Court having further considered the Disclosure Statement, Plan, the Certificates of Mailing, the *Summary of Voting on the Amended Plan* submitted to the Court on January 27, 2010 (the "**Ballot Summary**"), the statements of counsel, evidence presented, and all other matters relevant, and after due deliberation and sufficient cause therefore, hereby finds and concludes that:

**I.**
**FINDINGS OF FACT AND CONCLUSIONS OF LAW[4]**

1.     <u>Jurisdiction</u>.  This Court has jurisdiction over the Debtors' Chapter 11 bankruptcy cases pursuant to 28 U.S.C. § 1334.  Venue is proper before this Court pursuant to 28 U.S.C. § 1408.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code.

2.     <u>Notice</u>.  The Disclosure Statement, the Amended Plan, the Conditional Order, the Notice, Information to Creditors, the Ballots, the Ballot Instructions, the Modification, and the Final Disclosure Statement Order and Notice of Rescheduled Confirmation Hearing were transmitted and served in compliance with the Federal Rules of Bankruptcy Procedure and this Court's orders, and service thereof was adequate and sufficient to satisfy due process.  All parties, including, without limitation, those taxing authorities, attorneys general, and other governmental units entitled to notice of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") and the deadline for submitting Ballots and filing and serving objections to confirmation of the Plan, received adequate notice in accordance with the Federal Rules of Bankruptcy Procedure of the Plan and the Confirmation Hearing and have had an ample opportunity to appear and be heard with respect thereto.  No other or further notice is necessary or required.

3.     <u>Judicial Notice</u>.  This Court takes judicial notice of the docket maintained in the Debtors' bankruptcy cases by the Clerk of the Court and/or its duly-appointed agent, including,

---

[4]  The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052, made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 9014.  To the extent any findings of fact constitute conclusions of law, they are adopted as such.  To the extent any conclusions of law constitute findings of fact, they are adopted as such.

without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at hearings held before the Court in the above-referenced bankruptcy case.

4.      Compliance with the Applicable Provisions of the Bankruptcy Code.  As set forth below, the Debtors have met their burden of proving the elements required under the Bankruptcy Code for confirmation of the Plan by a preponderance of the evidence.

a.      The Plan Complies with Section 1129(a)(1).  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(1). Specifically,

i.      Proper Classification of Claims and Interests.  In addition to Administrative Expense Claims, Administrative Operating Expense Claims, and Priority Tax Claims, which need not be classified, the Plan designates five (5) Classes of Claims and Interests against each of the Debtors.  The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in such Class.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate among holders of Claims or Interests.  Thus, the Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

ii.      Specification of Unimpaired Classes.  The Plan specifies that Classes 2 (Secured Claims against each of the Debtors) and 3 (Secured Tax Claims against each of the Debtors) are not impaired under the Plan and are deemed to have accepted the Plan, thereby satisfying 11 U.S.C. § 1123(a)(2) of the Bankruptcy Code.

iii.        Specification of Treatment of Impaired Classes.  Article 4 of the Plan designates each of Class 1 (the Priority Non-Claims against each of the Debtors), Class 4 (the General Unsecured Claims against each of the Debtors), and Class 5 (the Interests in each of the Debtors) as impaired and specifies the treatment of Claims and Interests in those Classes, thereby satisfying 11 U.S.C. § 1123(a)(3).

iv.        Equal Treatment Within Classes.  The Plan provides for the same treatment for each Claim or Interest in a particular Class unless the holder of a particular Claim or Interest in such Class has agreed to a less favorable treatment of its Claim or Interest, thereby satisfying 11 U.S.C. § 1123(a)(4).

v.        Implementation of Plan.  The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying 11 U.S.C. § 1123(a)(5).

vi.        Non-Voting Securities.  The Plan provides for the liquidation of the Debtors, therefore 11 U.S.C. § 1123(a)(6) is inapplicable and is deemed satisfied.

vii.        Selection of Officers and Directors.  The Plan provides, upon the Effective Date, any and all remaining Directors and Officers of the Debtors shall be deemed to have resigned and the Surviving Officer shall have the authority to liquidate the Debtors' remaining assets and wind up each of the Debtors. Accordingly, the Plan satisfies the requirements of 11 U.S.C. § 1123(a)(7).

viii.        Rule 3016(a).  The Plan is dated and identifies the entities submitting it, thereby satisfying Federal Rule of Bankruptcy Procedure 3016(a).

ix.     Additional Plan Provisions.    The provisions of the Plan are appropriate and not inconsistent with all other applicable provisions of the Bankruptcy Code.

b.     The Plan Complies with Section 1129(a)(2).    The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(2).  Specifically,

i.     Proper Debtors and Plan proponents.    The Debtors are proper debtors pursuant to 11 U.S.C. § 109 and proper proponents of the Plan pursuant to 11 U.S.C. § 1121(c).

ii.     Compliance With Applicable Bankruptcy Code Provisions.    The Debtors have complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court.

iii.     Compliance With Solicitation Requirements.    The Debtors have complied with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Conditional Order in transmitting the solicitation materials identified therein and in the Certificates of Mailing and in soliciting and tabulating votes on the Plan.

c.     Plan Proposed in Good Faith.    The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying 11 U.S.C. § 1129(a)(3).  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Debtors' bankruptcy cases and the arms-length negotiation related to the formulation of the Plan. The Debtors' bankruptcy cases were filed and the Plan was proposed with the legitimate

and honest purposes of liquidating the Debtors and expeditiously making distributions to the Debtors' Creditors and Interest holders. The Plan reflects the results of these negotiations and is reflective of the interests of all of the Estates' constituencies.

d. <u>Payments for Services or Costs and Expenses</u>. Except as otherwise provided or permitted by the Plan, any payment made or to be made by the Debtors for services or for costs and expenses in or in connection with their bankruptcy cases, or in connection with the Plan and incident to the Debtors' bankruptcy cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying 11 U.S.C. § 1129(a)(4).

e. <u>Directors, Officers, and Insiders</u>. The Debtors have complied with 11 U.S.C. § 1129(a)(5). As the Plan contemplates the liquidation of the Debtors, all Directors and Officers of the Debtors will be deemed to have resigned as of the Effective Date. The Surviving Officer shall have all rights and authority to wind up the Debtors, and the Surviving Officer is not an insider of the Debtors. Designation of the Surviving Officer and notice of the names of the members of the Oversight Committee were disclosed prior to the Confirmation Hearing. The appointment of the Surviving Officer and the Oversight Committee is consistent with the interests of Creditors, Interest holders, and with public policy.

f. <u>No Rate Changes</u>. The Plan does not propose any rate changes that are subject to governmental regulation. Thus, 11 U.S.C. § 1129(a)(6) is not applicable and is deemed satisfied.

g. <u>Best Interests of Creditors</u>. The Plan satisfies 11 U.S.C. § 1129(a)(7) as each holder of a Claim or Interest in an impaired Class either has accepted the Plan or

will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code.

h.      Acceptance by Certain Classes.  Class 1 and Class 4 of Opus West and OWCC and Class 4 of OWLP, which are impaired and eligible to vote under the Plan, have voted to accept the Plan, thereby satisfying 11 U.S.C. § 1129(a)(8).

i.      Treatment of Administrative Expense Claims and Administrative Operating Expense Claims.  The Plan's treatment of Allowed Administrative Expense Claims and Administrative Operating Expense Claims satisfies the requirements of 11 U.S.C. § 1129(a)(9).  The Plan provides for the payment in full, in Cash, of Allowed Administrative Expense Claims and Allowed Administrative Operating Expense Claims as soon as reasonably practicable after the later of (I) the Effective Date or (II) the date on which the Administrative Expense Claim or Administrative Operating Expense Claim becomes Allowed.

j.      Acceptance of at Least One Impaired Class.  The Plan satisfies 11 U.S.C. § 1129(a)(10).  As set forth in the Ballot Summary, at least one of the Impaired Classes of Claims or Interests voting under the Plan has voted to accept the Plan and has accepted the Plan in requisite numbers and amounts without the need to include any acceptance of the Plan by any insider.

k.      Feasibility.  The Plan satisfies 11 U.S.C. § 1129(a)(11) as confirmation of the Plan is not likely to be followed by further liquidation or the need for further financial reorganization.  The Plan presents a workable framework of liquidation and there is a reasonable probability that the provisions of the Plan will be performed.  The Plan is

found and determined to be feasible.

l.     Payment of Certain Fees.  All fees payable on or before the Effective Date under 28 U.S.C. § 1930 either have been paid or will be paid on the Effective Date pursuant to Article 5.3 of the Plan.  Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(12).

m.     Continuation of Retiree Benefits.  The Debtors will have no employees as of the Effective Date and, therefore, have no obligations with respect to retiree benefits (as defined in the Bankruptcy Code).  Thus, 11 U.S.C. § 1129(a)(13) is inapplicable and is deemed satisfied.

n.     Principal Purpose.  The principal purpose of the Plan is neither the avoidance of taxes nor of Section 5 of the Securities Act of 1933 (15 U.S.C. §77e, *et seq.*).  The Plan, therefore, satisfies the requirements of 11 U.S.C. § 1129(d).

6.     Good Faith Solicitation.  Based upon the record before the Court, the Debtors and their respective officers, directors, managers, members, affiliates, associates, employees, agents, attorneys, accountants, and other professionals have acted in good faith with respect to, and in compliance with, applicable provisions of the Bankruptcy Code in soliciting votes on the Plan and such solicitation is hereby determined to have been in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the foregoing are entitled to the protections afforded by 11 U.S.C. § 1125(e) and the exculpatory protections set forth in Article 12.13 of the Plan.  The Modification did not materially alter the terms of the Amended Plan and, accordingly, did not require re-solicitation of the Plan.

7.     Rule 9019(a) Settlement.  Pursuant to Federal Rule of Bankruptcy Procedure 9019, and in consideration for the classification, distribution, and other benefits provided under

the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all Claims and Interests or controversies resolved pursuant to the Plan. The Bankruptcy Court's findings herein constitute its determination, upon consideration of governing legal standards, that such compromises and settlements are in the best interests of the Debtors, the Estates, and any Entity holding Claims against or Interests in any of the Debtors.

8.    <u>Exculpation and Releases</u>. The Disclosure Statement, the Plan, and the record of the Confirmation Hearing are sufficient to support the exculpation provided for in Article 12.13 of the Plan and the releases provided for in Article 11.1 of the Plan and such exculpation and releases are fair and reasonable.

9.    <u>Satisfaction of Confirmation Requirements</u>. The Plan satisfies all requirements for confirmation set forth in 11 U.S.C. § 1129(a) and (b).

10.    <u>Retention of Jurisdiction</u>. The Court finds and concludes that it may properly retain jurisdiction over the matters set forth in the Plan.

## II.
## <u>DECREES</u>

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, DECREED, AND DETERMINED AS FOLLOWS:

1.    <u>Confirmation</u>. Pursuant to 11 U.S.C. § 1129, the Plan is hereby confirmed in its entirety regardless of whether specific reference is made herein to a particular article, section, paragraph, exhibit, or provision of the Plan. The terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order.

2.    <u>Effective Date</u>. The Effective Date of the Plan shall be that date established pursuant to Section 2.1.36 of the Plan following the satisfaction of the last of the conditions precedent set forth in Article 7 of the Plan.

3. <u>Binding Effect</u>. Except as otherwise provided in 11 U.S.C. § 1141(d), on and after the Effective Date, the provisions of the Plan, including the Modification, shall bind any and all holders of Claims against or Interests in the Debtors and their successors and assigns whether or not the Claim or Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan. Pursuant to Sections 1123(a), 1141(a), and 1142 of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan and all Plan-related documents shall be, and hereby are, valid, binding, and enforceable notwithstanding any otherwise applicable non-bankruptcy law. The Modification is enforceable and does not constitute a material modification that might otherwise require re-solicitation.

4. <u>Provisions of Plan and Confirmation Order Non-Severable and Mutually Dependent</u>. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent. Any conflict between the Plan and this Confirmation Order shall be resolved by reference to this Confirmation Order.

5. <u>Effect of Confirmation</u>.

a. Except as otherwise specifically provided by the Plan and this Confirmation Order, the Distributions and rights that are provided in the Plan shall be in complete satisfaction and release, effective as of the Confirmation Date (but subject to the occurrence of the Effective Date), of (i) all Claims and Causes of Action against, liabilities of, liens on, obligations of and Interests in the Debtors and the assets and properties of the Debtors, whether known or unknown, and (ii) all Causes of Action (whether known or unknown, either directly or derivatively through the Debtors) against, Claims (as defined in Section 101 of the Bankruptcy Code) against, liabilities (as

guarantor of a Claim or otherwise) of, Liens on the direct or indirect assets and properties of, and obligations of successors and assigns of, the Debtors and their successors and assigns based on the same subject matter as any Claim or Interest or based on any act or omission, transaction, or other activity or security, instrument, or other agreement of any kind or nature occurring, arising, or existing prior to the Effective Date that was or could have been the subject of any Claim or Interest, in each case regardless of whether a proof of Claim or Interest was Filed, whether or not Allowed and whether or not the holder of the Claim or Interest has voted on the Plan.  Notwithstanding anything herein to the contrary, nothing in the Plan or Confirmation Order shall constitute a satisfaction and release of any Cause of Action or claim against anyone including any of the Debtors' current or former officers and directors (or any other person, including those in control of the Debtors or property of the Debtors) of claims arising prior to the Petition Date.

b.    On the Effective Date, the Debtors are hereby deemed to release unconditionally on such date:  (i) each present officer, consultant, financial advisor, attorney, accountant, employee, and other representative of the Debtors, and (ii) the Committee, each Entity serving on the Committee and, solely in their capacity as members or representatives of the Committee or the Oversight Committee, each consultant, attorney, accountant or other representative or member of the Committee or Oversight Committee (the Entities specified in clauses (i) through (ii) are referred to collectively as the "**Released Parties**"), from any and all claims, obligations, suits, judgments, damages, rights, Causes of Action, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, based in whole or in part upon or related to any act or omission, transaction,

event, or other occurrence taking place on or at any time from the Petition Date through and including the Effective Date in any way relating to the Debtors, the Debtors' bankruptcy cases, or the Plan, except that no Released Party shall be released from acts or omissions which are the result of willful misconduct or fraud. Notwithstanding anything herein to the contrary, nothing in this Plan or this Order shall constitute a release against anyone including any of the Debtors' current or former officers and directors or any Released Party of claims arising prior to the Petition Date held by the Debtors and/or their Estates.

c.        Except as otherwise provided herein or in the Plan, upon the occurrence of the Effective Date, the Debtors shall be discharged from all Claims to the fullest extent permitted by Section 1141 of the Bankruptcy Code, and all holders of Claims and Interests shall be precluded from asserting against the Debtors, the Debtors' Estates, or any property dealt with under the Plan, any further or other Claim based upon any act or omission, transaction, event, thing, or other activity of any kind or nature that occurred or came into existence prior to the Effective Date. As provided in Section 524 of the Bankruptcy Code, such discharge shall void any judgment against the Debtors, their Estates, or any successor thereto at any time obtained to the extent it relates to a Claim discharged, and operates as an injunction against the prosecution of any action against the Debtors or property of the Debtors or their Estates to the extent it relates to a discharged Claim.

d.        Pursuant to Section 1146(a) of the Bankruptcy Code, the transfer of any assets under this Confirmation Order, and the execution and delivery of any instrument of transfer by the Debtors shall not be taxed under any law imposing a stamp tax or similar

tax. Each and every federal, state, and local government agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transfer of any of the Debtors' assets, all without imposition or payment of any stamp tax or similar tax.

6. <u>Authorization to Implement Plan</u>. Upon the entry of the Confirmation Order, the Surviving Officer and the Debtors are authorized to take or cause to be taken all corporate and partnership actions necessary or appropriate to implement all provisions of, and to consummate, the Plan and to execute, enter into, or otherwise make effective all documents arising in connection therewith (as they may be amended or modified as contemplated or permitted by the Plan) prior to, on and after the Effective Date. All such actions taken or caused to be taken shall be, and hereby are, authorized and approved by the Bankruptcy Court such that no further approval, act, or action need to be taken under any applicable law, order, rule, or regulation. The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit the authority of the Surviving Officer or the Debtors to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order.

7. <u>Plan Classification Controlling</u>. The classification of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications and amounts of Claims, if any, set forth on the Ballots tendered to or returned by the Debtors' creditors in connection with voting on the Plan (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan and (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual amount or classification of such Claims or Interests under the Plan for distribution purposes.

8.    <u>Retention of Causes of Action</u>.  Except as otherwise provided in the Plan and this Confirmation Order, all Causes of Action shall be retained for the benefit of the Debtors and their Estates as set forth in the Plan and the Disclosure Statement.  These Causes of Action include, without limitation, all claims and Causes of Action listed or referenced in the Plan, the Disclosure Statement, the Schedules, and/or in any Plan Document.  Except as otherwise provided in the Plan, the Surviving Officer's right to commence, pursue, prosecute, enforce, or settle such Causes of Action shall be, and hereby is, preserved notwithstanding the occurrence of the Effective Date.  The Surviving Officer is hereby designated as the Estates' representative for purposes of prosecuting and enforcing all Causes of Action, and the Surviving Officer has standing to bring all Causes of Action.  No Person or Entity may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any Cause of Action against it as any indication that the Surviving Officer or the Debtors will not pursue any and all available Causes of Action.  The Debtors and the Surviving Officer, as applicable, expressly reserve, specifically and unequivocally, all rights to prosecute and enforce any and all Causes of Action against any Person or Entity, except as otherwise specifically and expressly provided in the Plan.  Unless any Causes of Action against a Person or Entity is specifically and expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or an Order, the Debtors and Surviving Officer expressly reserve all Causes of Action for later adjudication, and, therefore, no preclusion doctrine, including without limitation, the doctrines of *res judicata,* collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), standing, or laches, shall apply to such Cause of Action upon or after the confirmation or consummation of the Plan by reason of entry of the Confirmation Order.

9.    <u>Termination</u>.  As of the Effective Date, and except as provided in the Plan or this Confirmation Order, all Entities shall be precluded from asserting against the Debtors, their successors, or property, any other or further Claims, debts, rights, causes of action, liabilities, or equity interests based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date.  In accordance with the foregoing, except as provided in the Plan or this Confirmation Order, this Confirmation Order, as of the Effective Date, shall be a judicial determination of discharge of all such Claims and other debts and liabilities against the Debtors and termination of all such Interests and other rights of Interest holders in the Debtors, pursuant to 11 U.S.C. §§ 524 and 1141, and such discharge shall void any judgment obtained against the Debtors at any time, to the extent that such judgment relates to a Claim discharged.

10.    <u>General Injunction</u>.

a.    Except as otherwise expressly provided in the Plan, all Entities who have held, hold, or may hold Claims and all Entities who have held, hold, or may hold Interests against the Debtors are permanently enjoined on and after the Effective Date as set forth in Article 11.2 of the Plan.

b.    Except as otherwise provided in the Plan, Article 11 of the Plan provides that from and after the Confirmation Date, among other things, all Entities who have held, hold, or may hold Claims against or Interests in a Debtor are, with respect to any such Claims or Interests, permanently enjoined from and after the Confirmation Date from:  (i) commencing, conducting, or continuing in any manner, directly, or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting the

Debtors, the Oversight Committee, the Released Parties, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor-in-interest to, the Debtors, or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, of any judgment, award, decree, or order against the Debtors, the Oversight Committee, the Released Parties, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, the Debtors, or any property of any such transferee or successor; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Oversight Committee, the Released Parties, any of their property, or any direct or indirect transferee of any property of, or successor-in-interest to, any of the foregoing Entities; (iv) asserting any right of setoff, subrogation, or recoupment of any kind, directly or indirectly, against any obligation due to the Debtors, the Oversight Committee, the Released Parties, any of their property, or any direct or indirect transferee of any property of, or successor-in-interest to, any Debtor; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.  Notwithstanding anything to the contrary, nothing in the Order or the Plan shall be construed as a release, exculpation, or injunction of any prepetition Cause of Action, claim, right, defense, offset, recoupment, action in equity or law (contract, tort or otherwise), or Chapter 5 Causes of Action against anyone including any of the Released Parties, former officer and director, or other person who had control over the Debtors and/or possession and/or control over the Debtors' property.

c.     Furthermore, except as otherwise expressly provided in the Plan, for the consideration described in the Plan, as of the Effective Date, all Entities who have held, hold, or may hold claims released pursuant to the Plan, whether known or unknown, and their respective agents, attorneys, and all others acting for or on their behalf, shall be permanently enjoined on and after the Effective Date, with respect to any claim released pursuant to this Article, from (i) commencing or continuing in any manner, any action or other proceeding of any kind with respect to any claim against any Released Party or the property of any of them, (ii) seeking the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against any Released Party or the property of any Released Party, (iii) creating, perfecting, or enforcing any encumbrance of any kind against any Released Party, (iv) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due to any Released Party, and (v) taking any act, in any manner and in any place whatsoever, that does not conform to or comply with provisions of the Plan.  In the event that any Entity takes any action that is prohibited by, or is otherwise inconsistent with the foregoing, then, upon notice to the Bankruptcy Court, the action or proceeding in which the Claim of such Entity is asserted shall automatically be transferred to the Bankruptcy Court for enforcement of the provisions of the Plan.

11.     Term of Injunction or Stays.  Unless otherwise provided, all injunctions or stays set forth in 11 U.S.C. §§ 105 and 362 shall remain in full force and effect until the Effective Date rather than the Confirmation Date.  Nothing in the Plan or this Confirmation Order, however, shall be construed as a limitation of the permanent injunctions provided for in the Plan and this Confirmation Order.

12.     <u>Releases and Exculpation</u>.

      a.     The releases set forth in Article 11.1 of the Plan are hereby approved and such releases shall be binding on the parties thereto. The exculpation and release provision set forth in Articles 11 and 12.13 of the Plan shall be, and hereby are, approved, and shall be effective without further action upon the occurrence of the Effective Date. Pursuant to Article 12.13 of the Plan and this Confirmation Order, neither the Debtors, the Committee, the Oversight Committee, nor any of their respective present officers, employees, agents, advisors, affiliates, underwriters, or investment bankers, nor any other professional persons employed by any of them (collectively, the "**Exculpated Persons**"), shall have or incur any liability to any Entity for any act taken or omission made in good faith in connection with or related to formulating, negotiating, implementing, confirming, or consummating the Plan, including any settlement referenced therein, the Disclosure Statement, or any Plan Document. The Exculpated Persons shall have no liability to the Debtors, any Creditor, Interest holder, any other party-in-interest in the Debtors' Chapter 11 cases or any other Entity for actions taken or not taken under the Plan, in connection with the Plan or with respect to the Plan, the Disclosure Statement, or this Confirmation Order or the Findings and Conclusions, or arising out of their administration of the Plan or the property to be distributed under the Plan, in good faith, including, without limitation, failure to obtain Confirmation or to satisfy any condition or conditions, or refusal to waive any condition or conditions, to the occurrence of the Effective Date, and in all respects such Exculpated Persons shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under or in connection with the Plan. Notwithstanding anything to the contrary, nothing in the Confirmation Order or the

Plan shall be construed as a release, exculpation, or injunction of any prepetition Causes of Action, claim, right, defense, offset, recoupment, action in equity or law (contract, tort or otherwise), or Chapter 5 Causes of Action against any individual or entity including any of the Released Parties.

13.   <u>Application for Allowance of Administrative Expense and Administrative Operating Claims Other Than Fee Claims</u>.   Applications for allowance and payment of Administrative Expense and Administrative Operating Expense Claims, and any objections thereto, shall be subject to the terms of Article 5 of the Plan.  The holder of any Administrative Expense Claim or an Administrative Operating Expense Claim must file with the Bankruptcy Court and serve on the Surviving Officer and its counsel, notice of such Administrative Expense Claim on or before the Administrative Expense Claim Bar Date or of such Administrative Operating Expense Claim on or before the Administrative Operating Expense Claim Bar Date. Such notice must include at a minimum (i) the name of the holder of the Claim, (ii) the amount of the Claim, and (iii) the basis of the Claim (including applicable documentation).  ***Failure to timely and properly file such a notice shall result in the applicable Administrative Expense Claim or Administrative Operating Expense being forever barred and discharged.***   An Administrative Expense Claim or an Administrative Operating Expense Claim with respect to which notice has been properly filed pursuant to Article 5.1 of the Plan shall become an Allowed Administrative Expense Claim or an Allowed Administrative Operating Expense if no objection is filed within thirty (30) days after its filing and service.  If an objection is filed within such thirty (30) day period, the Administrative Expense Claim or the Administrative Operating Expense Claim shall become Allowed only to the extent Allowed by Order of the Bankruptcy Court.

14.    <u>Application for Allowance of Administrative Expense and Administrative Operating Claims That Are Fee Claims</u>. Each Professional who holds, or asserts, an Administrative Expense Claim that is a claim for compensation for services rendered and reimbursement of expenses incurred prior to the Effective Date (a "**Fee Claim**") shall, unless expressly stated otherwise herein, be required to file with the Bankruptcy Court and serve on all parties required to receive such notice, a Fee Application within thirty (30) days after the Effective Date. ***Failure to file timely a Fee Application shall result in the Fee Claim being forever barred and discharged.*** An Administrative Expense Claim that is a Fee Claim, and with respect to which a Fee Application has been properly filed, shall become an Allowed Administrative Expense Claim only to the extent allowed by Order of the Bankruptcy Court.

15.    <u>Payment of Administrative Expense and Administrative Operating Expense Claims</u>. The Surviving Officer is authorized and directed to pay all Administrative Expense Claims and Administrative Operating Expense Claims, including Fee Claims, Allowed by Order of the Bankruptcy Court, notwithstanding any appeal or motion for reconsideration of such Order, unless a court of competent jurisdiction has issued a stay pending appeal or reconsideration of such Order. The Surviving Officer is authorized and directed to rely on Orders of the Bankruptcy Court in making distributions to all other creditors, including in paying such claims, notwithstanding an appeal or motion for reconsideration of such Order, unless a court of competent jurisdiction has issued a stay pending appeal or reconsideration of such Order.

16.    <u>Payment of Statutory Fees</u>. Any fees due the United States Trustee shall be paid on or before the Effective Date; however, any fees due to the United States Trustee after the Effective Date shall be paid as such become due.

17. <u>Disallowance of Special Taxes</u>. The issuance, transfer, or exchange of a security as defined under the Bankruptcy Code or applicable law, or the making or delivery of any instrument of transfer under the Plan, shall not be taxed under any state or local law imposing a stamp tax or similar tax as provided in 11 U.S.C. § 1146.

18. <u>Conditions Precedent to Consummation of the Plan</u>. The Effective Date shall not occur until the entry of this Confirmation Order.

19. <u>Vesting of Assets</u>. Upon the Effective Date, and except as set forth in Article 8.3.1 of the Plan, all property of a Debtor shall remain with that Debtor, and from and after the Confirmation Date, the Debtors shall continue in existence, to the extent necessary, for the purpose of facilitating the Surviving Officer's efforts.

20. <u>Rejection of Executory Contracts and Unexpired Leases</u>. On the Effective Date of the Plan, and except as otherwise provided for in the Plan, all executory contracts and unexpired leases entered into prior to the Petition Date that were not previously assumed or rejected pursuant to a Final Order of the Court hereto shall be deemed automatically rejected and terminated by the Debtors without further notice or order in accordance with Article 10.1 of the Plan. Notwithstanding any other provision contained herein, this Confirmation Order shall not constitute a rejection of the Headquarters Lease, as that term is defined in the *Emergency Motion of Opus West Corporation for Entry of an Order Extending the Time Within Which it May Assume, Assume and Assign, or Reject Headquarters Lease*, filed as Docket No. 668 (the "**Headquarters Lease Motion**"), which Headquarters Lease shall be assumed, assumed and assigned, or rejected pursuant to a separate Order of this Court on the Headquarters Lease Motion. Each executory contract and unexpired lease to be rejected and terminated in accordance with Article 10.1 of the Plan shall include all modifications, amendments,

supplements, restatements, or other similar agreements made directly or indirectly by any agreement, instrument, or other document to which the Debtors' counterparties have assented that affects such executory contract or unexpired lease.    Rejection and termination of any executory contract or unexpired lease pursuant to the Plan and this Confirmation Order shall constitute adequate and sufficient notice that (i) any Claims arising thereunder or related thereto shall be treated as General Unsecured Claims under the Plan and (ii) the Debtors are not bound by, or otherwise obligated to perform, any such obligations, transactions, or undertakings relating thereto or arising thereunder.    The inclusion of a contract, lease, or other agreement in the Plan or the Disclosure Statement shall not constitute an admission by the Debtors as to the characterization of whether any such included contract, lease, or other agreement is, or is not, an executory contract or unexpired lease or whether any claimants under any such contract, lease, or other agreement are time-barred from asserting Claims against the Debtors.    The Debtors reserve all rights with respect to the characterization of any such agreements.    If the rejection of an executory contract or an unexpired lease results in damages to the other party or parties to such contract or lease, a Claim for such damages shall be forever barred and shall not be enforceable against the Debtors or their respective properties or agents, successors, or assigns, unless a proof of Claim is filed with the Bankruptcy Court and served by the earlier of (i) 30 days after the Effective Date or (ii) such other deadline as the Bankruptcy Court may set for asserting a Claim for such damages.    Any Claim arising from the rejection of an unexpired lease or executory contract and not barred by the Plan shall be treated as a Class 4 General Unsecured Claim pursuant to the Plan; provided, however, that any Claim based upon the rejection of an unexpired lease of real property shall be limited in accordance with Section 502(b)(6) of the Bankruptcy Code and state law mitigation requirements.    Nothing contained in the Plan shall be deemed an

admission by the Debtors' Estates that such rejection gives rise to or results in a Claim or shall be deemed a waiver by the Debtors' Estates of any objections to such Claim if asserted.

21.     <u>Effect of Failure of Conditions</u>.  If one or more of the conditions specified in the Plan have not occurred and have not been otherwise waived on or before the forty-sixth (46th) day following the entry of this Confirmation Order, (a) this Confirmation Order shall be vacated and the Plan shall be null and void in all respects, (b) the Debtors and all holders of Claims and Interests shall be restored to the status quo ante as of the day immediately preceding the Confirmation Date as though the Confirmation Date never occurred, (c) the Debtors' obligations with respect to Claims and Interests shall remain unchanged and nothing contained herein shall constitute or be deemed a waiver or release of any Claims or Interests by or against the Debtors or any other person or to prejudice in any manner the rights of the Debtors or any person in any further proceedings involving the Debtors, and (d) nothing contained in the Plan or the Disclosure Statement shall constitute an admission, acknowledgment, offer, or undertaking by the Debtors in any respect.

22.     <u>Notice of Entry of Confirmation Order</u>.  On or before the 5th business day following entry of this Confirmation Order, the Debtors shall serve via first-class, prepaid United States mail notice of entry of this Confirmation Order pursuant to Federal Rules of Bankruptcy Procedure 2002(f)(7), 2002(k), and 3020(c) on all Creditors, Interest holders, and other parties-in-interest.

23.     <u>Reversal</u>.  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice

of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan and any amendments or modifications thereto.

24.     <u>Rule 9019(a) Settlement</u>.  Pursuant to Bankruptcy Rule 9019, and in consideration for the classification, distribution, and other benefits provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all Claims and Interests or controversies resolved pursuant to the Plan.  The entry of this Confirmation Order constitutes the Court's approval of each of the compromises and/or settlements provided for in the Plan and the Court's findings herein constitute its determination that such compromises and settlements are in the best interests of the Debtors, the Estates, and any Entity holding Claims or Interests against the Debtors.

25.     <u>Effectiveness of Confirmation Order</u>.   Notwithstanding Federal Rule of Bankruptcy Procedure 3020(e), 6004(g), and 6006(d), or any other provision of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or Federal Rule of Civil Procedure 62(a), this Confirmation Order shall be effective and final immediately upon its entry and the Debtors are authorized, but not required, to consummate the Plan immediately after entry of this Confirmation Order.  The Court hereby expressly waives any requirement under Federal Rule of Bankruptcy Procedure 3020(e), 6004(g), and 6006(d), or any other provision of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or Federal Rule of Civil Procedure 62(a), staying the effectiveness of confirmation of the Plan for ten (10) days or for any other period of time.

26.     <u>Dissolution of Committee</u>.  Except with respect to any appeal of an order in the Debtors' Chapter 11 cases, and any matters related to any proposed modification of the Plan, on the Effective Date, the Committee shall be dissolved and the members, employees, agents, advisors, affiliates, and representatives (including, without limitation, attorneys, financial advisors, and other Professionals) of each thereof shall thereupon be released from and discharged of and from all further authority, duties, responsibilities, and obligations related to, arising from and in connection with or related to the Debtors' Chapter 11 cases. Notwithstanding the foregoing, the Oversight Committee (and its counsel) shall continue for the purpose of monitoring the implementation of the Plan, including administration of the Claims-objection and resolution process, administration of the Distribution process, as to reimbursement and pursuit/settlement of Chapter 5 Causes of Action until such time as the Oversight Committee deems it appropriate by a majority vote to dissolve itself or all members of the Oversight Committee resign.  All reasonable attorney's fees and costs incurred by counsel for the Oversight Committee in performing the duties contemplated by the Plan to be performed by the Oversight Committee after the Effective Date shall be paid by the Debtors as set forth in the Plan.

27.     <u>Retention of Jurisdiction</u>.  Pursuant to Sections 105(a) and 1142 of the Bankruptcy Code, the Bankruptcy Court shall retain and shall have exclusive jurisdiction over any matter:  (a) arising under the Bankruptcy Code; (b) arising in or related to the Debtors' Chapter 11 cases or the Plan; or (c) that relates to the matters set forth in Article 12.3 of the Plan, including but not limited to, adversary proceedings filed in these bankruptcy cases as of the date hereof.

28.    <u>Objections Overruled</u>.    Except as otherwise expressly provided in this Confirmation Order, objections, if any, to the Plan, to the extent not withdrawn, are denied and overruled.

29.    <u>Notice of Effective Date</u>.    Within ten (10) days after the Effective Date, the Debtors shall file a certificate with the Court stating that the Plan has become effective and has been substantially consummated.

30.    <u>Claims of STRS Ohio CA Real Estate Investments I, LLC</u>.    STRS Ohio CA Real Estate Investments I, LLC ("**STRS**") has filed Claims against Opus West and OWCC, with respect to the properties located at (1) 3680 Kelsey Knolls, Santa Rosa, California, and commonly known as The Boulders at Fountaingrove ("**The Boulders**"), (2) 1465 65th Street, Emeryville, California, and commonly known as The Courtyards at 65th Street ("**The Courtyards**"), and (3) 200 Bicentennial Way, Santa Rosa, California, and commonly known as The Overlook at Fountaingrove ("**The Overlook**").    Notwithstanding anything to the contrary contained herein, nothing in the Plan, this Confirmation Order, or any injunction contained therein shall bar or prevent or be deemed to bar or to prevent STRS from pursuing in state or federal court any claims against Opus West and/or OWCC as defendants relating to The Boulders, The Courtyards, and/or The Overlook, so long as such claims are directed solely to insurance proceeds available under insurance policies providing or potentially providing any relevant coverage for, of, or as to Opus West and/or OWCC.    STRS may so pursue claims and/or proceed with litigation as to claims against Opus West and/or OWCC relating to The Boulders, The Courtyards, and/or The Overlook; *provided, however*, that any judgment STRS may obtain against the Debtors may only be satisfied from any available insurance proceeds, as described above.    It is currently anticipated that the Debtors' costs of responding to discovery will be

funded by insurance. STRS will receive no distributions from the Debtors' estates on account of the claims it filed relating to The Boulders, The Courtyards, and/or The Overlook.

31.     _Claims of Texas Comptroller of Public Accounts_. Notwithstanding anything else to the contrary in the Plan or this Confirmation Order, these provisions will govern the treatment of the claims of the Texas Comptroller of Public Accounts (the "**Texas Comptroller**"): (1) the Texas Comptroller shall have an Allowed Priority Tax Claim in the amount of $135,202.87; (2) the Texas Comptroller's Allowed Priority Tax Claim shall be paid in full in cash on the Effective Date; (3) nothing provided in the Plan or this Confirmation Order shall affect or impair any setoff rights of the Texas Comptroller; and (4) nothing provided in the Plan or this Confirmation Order shall affect or impair any rights of the Texas Comptroller to pursue any non-debtor third parties for tax debts or claims. The provisions of the Plan and Confirmation Order supplement these terms where not inconsistent herewith.

32.     _Claims of Texas Tax Authorities_. Nothing in the Plan or this Confirmation Order shall prevent Dallas County, Tarrant County, Harris County, Fort Bend County, Katy Independent School District, and Roundrock Independent School District (collectively, the "**Texas Tax Authorities**") from pursuing all remedies available to them pursuant to applicable Texas state law to enforce, foreclose, and collect upon any liens of the Texas Tax Authorities against the Debtors' real property. These remedies include, but are not limited to, filing suit in state court, naming as a party, and serving the Debtors and/or the Surviving Officer, but only in his official capacity and not individually, with service of process, the entry of state court judgments, the abstracting of those judgments, proceeding to a Sheriff's sale, and providing all notices to the Debtors and or the Surviving Officer as required by applicable Texas state law. The Texas Tax Authorities are authorized to carry out the foregoing upon entry of this

Confirmation Order on the docket.

33. <u>Claims of Fort Worth Independent School District</u>. Fort Worth Independent School District (the "**Fort Worth ISD**") shall have an allowed claim against the Debtors in the amount of $6,892.64 and such Allowed Claim shall be paid in full within thirty (30) days of the Effective Date. The claim of the Fort Worth ISD shall begin to accrue interest on February 1, 2010, and shall continue to accrue interest until the date of payment, at a rate of 12% per annum pursuant to Sections 506(b), 511, and 1129 of the Bankruptcy Code. Notwithstanding anything contained within Article 11 of the Plan, the Fort Worth ISD's claims and liens shall not be released until the taxes that are the subject of the Fort Worth ISD's claim are paid in full. No release or injunction provided for by Article 11 of the Plan shall be construed to release any person or entity from liability for the taxes that are the subject of the Fort Worth ISD's claim until those taxes are paid in full. In the event of a conflict between this paragraph and any other provision contained within the Plan, this paragraph shall control. Upon payment in full to the Fort Worth ISD as set forth in this paragraph, the Fort Worth ISD shall assign its Allowed Claim and all lien rights related to the Allowed Claim to the Surviving Officer or his designee.

34. <u>Claims of Maricopa County</u>. Maricopa County ("**Maricopa County**") shall have an Allowed Claim against the Debtors in the amount of $9,580.35 and such Allowed Claim shall be paid in full within thirty (30) days of the Effective Date. The claim of Maricopa County shall begin to accrue interest on February 1, 2010, and shall continue to accrue interest until the date of payment, at a rate of 16% per annum pursuant to Sections 506(b), 511, and 1129 of the Bankruptcy Code. Notwithstanding anything contained within Article 11 of the Plan, Maricopa County's claims and liens shall not be released until the taxes that are the subject of Maricopa County's claim are paid in full. No release or injunction provided for by Article 11 of the Plan

shall be construed to release any person or entity from liability for the taxes that are the subject of Maricopa County's claim until those taxes are paid in full. In the event of a conflict between this paragraph and any other provision contained in the Plan, this paragraph shall control.

35. <u>Continuance of Automatic Stay</u>. The stay in effect in the Debtors' Chapter 11 cases pursuant to Section 362(a) of the Bankruptcy Code shall continue to be in effect until the Effective Date, and at that time shall be dissolved and of no further force or effect, subject to the injunctions set forth in the Confirmation Order, Article 11 of the Plan and/or Sections 524 and 1141 of the Bankruptcy Code; provided, however, that nothing herein shall bar the filing of financing documents (including Uniform Commercial Code financing statements, security agreements, leases, mortgages, trust agreements, and bills of sale) or the taking of such other actions as are necessary to effectuate the transactions contemplated by the Plan prior to the Effective Date.

36. <u>Appointment of Surviving Officer</u>. John Bittner is hereby appointed the Surviving Officer as set forth in the Plan. The Surviving Officer is hereby vested with full irrevocable power and authority on behalf of the Debtors to take any and all actions deemed necessary or appropriate to carry out the duties contemplated under the Plan and all other provisions of the Plan. The Surviving Officer shall have full and unqualified authority to delegate any or all of these powers to any of its authorized agents.

37. <u>No Modification of Section 502(a) or 502(j) Rights</u>. Nothing in the Plan or this Confirmation Order is intended to affect or modify the right of any party-in-interest under Section 502(a) of the Bankruptcy Code to object to a claim or interest. Nothing in the Plan or the Confirmation Order is intended to affect or modify the rights of any party under Section 502(j) of the Bankruptcy Code.

38. <u>No Modification of Existing Stipulations</u>. Except with respect to the treatment of any Claim, and unless otherwise expressly set forth herein, nothing in the Plan or this Confirmation Order shall be construed to modify, discharge, alter, amend, or impair the terms of, or rights under or reserved in, any stipulation or agreement (including any reservations of rights contained therein) between the Debtors and any party-in-interest that has been approved by a Final Order (a "**Stipulation**"). Nothing in the Plan or this Confirmation Order creates jurisdiction in the Bankruptcy Court that the Bankruptcy Court otherwise would not have over any such rights under or reserved in any Stipulation.

39. <u>Calculation of Time Periods</u>. All time periods set forth in this Confirmation Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

40. <u>References to Particular Provisions</u>. The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect, or enforceability of such provision, and such provision shall have the same validity, binding effect, and enforceability as every other provision of the Plan.

### End of Order ###